THE SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V.
GOTTFRIED KNOEPFLI.

No. 6994.

1. **Liability of Railway Company for Damages from not Providing Cattle Guards.**—While the statute (art. 4243, Rev. Stats.) authorizes the owner of an inclosure through which a railway track is run to construct and repair the necessary cattle guards "at the expense of the railway company if it fails to do so," this imposes no duty so to do upon the land owner. He may exercise his option without liability for contributory negligence in case of damages to his inclosure.

2. **Cases Adhered to.**—Railway v. Young, 60 Texas, 201, and Railway v. Adams, 63 Texas, 200, adhered to.

3. **Same—Right of Way.**—Railway v. McKenzie, 78 Texas, 298, adhered to, in holding that a verdict and judgment against a railway company for damages for right of way operates as a judgment for the right of way in favor of the railway company.

APPEAL from Kendall. Tried below before Hon. T. M. PASCHAL. The opinion states the case.

*R. B. Minor*, for appellant.—1. One who discovers that his property is, through the wrongful act of another, exposed to danger of further injury, is not at liberty to stand by and permit such further injury to occur and hold the wrongdoer liable for it, if by the exercise of ordinary care or reasonable diligence he (the injured party) can avert such injurious consequences. If he fails to avert such injurious consequences, when by ordinary care or reasonable diligence he might do so, he can recover only such loss as could not thus be prevented. 1 Suth. on Dam., pp. 148, 150, 152; Shearm. & Redf. on Neg., sec. 25; Field's Law of Dam., sec. 21; Railway v. Young, 60 Texas, 201; Railway v. Adams, 63 Texas, 200.

2. The verdict and judgment are contrary to law, because not responsive to a material issue presented by the pleadings, namely, the issue as to which of the parties was entitled to the possession of the strip of land used for a right of way, especially since the record shows that such issue ought to have been determined in defendant's favor, and that the jury found against defendant specially for a certain sum as a compensation or purchase price for such right of way. Kessler v. Zimmerschitte, 1 Texas, 50; Phillips v. Hill, 3 Texas, 397; Hardy v. De Leon, 5 Texas, 397; Campbell v. Everts, 47 Texas, 104.

No brief for appellee reached the Reporter.

COLLARD, JUDGE, *Section A*.—This suit was brought by the appellee against the appellant railway company to recover 64 acres of land belonging to plaintiff, and for damages. The land was considerably longer than it was wide, and had about thirty or thirty-five acres

inclosed in a farm.    Defendant in constructing its road built the road-bed lengthwise through the survey, and appropriated for a right of way a strip 100 feet wide, or five acres of the land.    The persons build-ing the road entered the farm on the north, tore down plaintiff's fence, and left an opening there into his farm from the 24th of July to the 15th of August, 1887, through which cattle entered and injured his crops then standing on the ground.    The company made an opening in the fence about the 15th of January, 1887, and plaintiff thereupon made a light fence across the break, which remained there until the 24th of July, at which time the tracklayers pulled it down, leaving the opening, as before stated.    Plaintiff knew of the opening about the time it was done, and between that time and the 15th of August he caused a wire fence to be run along parallel with the road and back under some trestle work in the form of a loop, which kept the cattle out.    In Feb-ruary, 1887, defendant broke plaintiff's stone fence on the south side of the tract, which he repaired with a rail fence, and which remained there until about the 24th of July, when defendant made a cattle guard there, so defective that cattle got into the farm from that side and dam-aged his crops.    About five-sixths of the damage to the crops was by cattle entering on the north side.    These damages were set up by plaint-iff as well as the damages for destroying his fences; and he claimed also the value of the five acres appropriated for right of way and the dam-age for the injury to the rest of the land caused by the embankment and roadbed.    Defendant among other things answered its willingness to pay a reasonable compensation for the right of way, and asked that the same be ascertained and decreed to it, and denied all claims for damages.    A verdict was rendered for plaintiff for $530.50 damages, $150 of which was for the five acres right of way.    The verdict was itemized, and the proof sustained it.    Judgment was entered for plaint-iff for his damages and costs, and said nothing in response to defend-ant's prayer for decree for the right of way.

It was admitted on the trial that the title to the land was in plaintiff at the time of defendant's entry.    Plaintiff's claim to possession of the right of way was abandoned, and the status of the suit was admitted to be for the recovery of the value of the right of way and damages. Defendant appealed.

The only assignment of error in the record insisted on by appellant is as follows: "The court erred in refusing to give to the jury the fol-lowing special charge asked by the defendant, to-wit: 'If you believe from the evidence that injury was done to plaintiff's crops by stock passing into his field through an opening made and left open by de-fendant in the north fence of plaintiff's field, and if at the same time you believe from the evidence that plaintiff by the exercise of reason-able diligence might have closed such opening himself in time to pre-vent such stock from entering his field through such opening, then you

will not find against defendant any damages for such injury to plaintiff's crops so occasioned by stock entering at such place;' because said special charge was proper and necessary to be given to the jury under the evidence, wherein it was proved by the testimony of plaintiff himself, in substance, that after defendant had made and left open the opening in the north fence of plaintiff's field, plaintiff with little difficulty closed said opening so as to prevent the further incoming of stock at said place, but that plaintiff delayed so doing for a period of about three weeks after he had discovered the existence of this opening in his fence, during which time cattle entered plaintiff's field through said opening and did five-sixths of all the damage done to plaintiff's crops, an element of damage set up in plaintiff's petition and included in the verdict; which evidence showed that plaintiff in said delay was guilty of contributory negligence, proximately contributing to cause five-sixths of all the damage to his crops."

The assignment relates only to the opening in the north fence, and the requested charge applied only to the damages resulting therefrom. The case of Railway v. Young, 60 Texas, 201, followed by Railway v. Adams, 63 Texas, 200, is decisive of the question raised by the assignment of error. The general rule is recognized, that where there is a breach of contract or a tort the party injured must use ordinary care to prevent the injurious consequences, the expenses so incurred to be charged to the wrongdoer; but it is held that if a railway company causes injury to crops in an inclosed farm by its failure to construct and keep in repair proper cattle guards, the owner is under no obligation to construct or repair the guard for the company in order to protect himself, but that the company would be liable for all the damages occasioned by its neglect, and this when the statute authorizes the owner to construct and repair the cattle guards "at the expense of the railway company, if it fails to do so." Rev. Stats., art. 4243. It is held that the statute is permissive only, and that there is no duty imposed on the owner to enter upon the company's right of way and take the risk of building its cattle guards, the work requiring skilled labor. The court say: "This is not a case in which the owner of property used in no public or dangerous employment has failed to repair a known defect therein, caused by the wrong or negligence of another, which might have been easily repaired and thereby a threatened injury avoided." Such an entry upon the company's right of way, it is held, would be a trespass in the absence of the statute; and the statute is not obligatory. The owner may exercise his privilege "at his option, without liability to be charged with contributory negligence if he elects not to exercise it."

It is not pretended that defendant had made a cattle guard, defective or otherwise, at the opening it had made in the north line of plaintiff's fence. Plaintiff, on failure of defendant, made the guard, what he

conceived to be a sufficient guard, and what it seems was sufficient to keep the cattle out of his farm. Defendant claims that he should have done this at first, and by so doing he could have prevented the injury and saved five-sixths of the damages occurring at that point. According to the decisions above cited we can not say that such was his duty. The principle of those cases is the same as in this as to trespassing upon the right of way and constructing the guard. If he would be required to construct the guard he did make, why would he not be required to construct any other kind of guard? It is true his guard was a very simple device after he discovered it, and he *may* have adopted it earlier if it had occurred to him, but we do not think he was bound to do so. Besides this, the company's servants had torn down the slight fence he had built across the opening after it was first made, in which case he had the right to presume they would do likewise with any fence he might put there, whether over the track or under the trestle work. We think the assignment is not well taken.

No other error is assigned, but appellant claims in its brief that "the verdict and judgment are contrary to law, because not responsive to a material issue presented by the pleadings, namely, the issue as to which of the parties was entitled to the possession of the strip of land used for a right of way, especially since the record shows that such issue ought to have been determined in defendant's favor, and that the jury found against defendant specially for a certain sum as a compensation or purchase price for such right of way."

The error is not fundamental; the judgment is responsive to the pleadings as far as it goes. If appellant was not satisfied with it a motion should have been made in the lower court to reform it. Besides, the judgment for damages for right of way would have the effect of a judgment for defendant for the right of way. Railway v. McKenzie, 78 Texas, 298.

Finding no error, we conclude the judgment of the lower court should be affirmed.

*Affirmed.*