## Houston & Texas Central Railroad Company v. Charles B. Rehm.

### Decided October 13, 1904.

**1.—Argument of Counsel—New Trial.**

Remarks of counsel outside the record, which are clearly prejudicial to the rights of the opposite party and intentionally made for the purpose of influencing the jury, are ground for setting aside a verdict, although the remarks were not excepted to at the time they were made.

**2.—Same—Prejudicial Error.**

In an action against a railway for damages for personal injuries, remarks of counsel to the effect that the railroad had hurt and crippled plaintiff and then discharged him, and a request for a verdict so large that, if it did not teach the railway anything else, it would teach them that they could not throw bolts and baggage from its cars and endanger the lives of the citizens of H., held outside the record and so prejudicial as to require that the verdict be set aside.

**3.—Same—Remittitur—Practice.**

Where the evidence upon the issues involved in an action is not conclusive, the error in allowing improper remarks of counsel, whereby an excessive verdict is procured, can not be cured by remittitur, but the verdict must be set aside, since the remarks may have influenced the jury in deciding the controverted issues.

Appeal from the District Court of Waller. Tried below before Hon. Wells Thompson.

*Andrews, Ball & Streetman* and *H. L. Borden,* for appellant.

*John M. Pinckney, J. V. Meek,* and *R. E. Thompkins,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee obtained a verdict and judgment in the court below against the appellant for $1500 as damages for personal injuries alleged to have been caused him by the negligence of appellant. For the purpose of this opinion the following brief general statement of the facts disclosed by the record is deemed sufficient:

The appellee was injured by being struck on the leg by an iron pin thrown by appellant's porter, who was engaged in unloading an express or baggage car on a train of appellant's at the town of Hempstead. The train had just reached appellant's station at Hempstead, and the porter, in the discharge of the duties of his employment, got upon a baggage truck which he had placed near the door of the car, and as the articles that were being unloaded from the car were handed or thrown to him by another employe of appellant working inside the car, some of them were placed by him on the truck and some were thrown across the station platform into the baggage room provided by appellant at its said station. Among the articles that were being unloaded was a number of iron pins tied or fastened together. The porter in attempting to throw a bundle of these pins into the baggage room struck the wall of the house with one of them and it became unfastened from the

other pins which composed the bundle, and rebounding from the wall struck appellee on the leg and caused the injuries complained of.

The issue of negligence vel non, as well as that of contributory negligence, was raised both by the pleadings and evidence.

Appellant's third assignment of error is as follows: "The court erred in overruling the defendant's motion for a new trial in this cause on the ground, among others, that it was greatly prejudiced and injured by and on account of the closing argument made by the Hon. John M. Pinckney, attorney for the plaintiff in this cause, in which he stated in substance and in effect, that 'as was well known in this country, old man Quinlan and Mr. Lee [meaning a former general manager of the defendant company and a former superintendent of this division of the road respectively] had hearts in them as big as a mountain, and that they always took care of the employes of the Houston & Texas Central Railroad Company; that men worked for the road until they got too old to work, but nevertheless they were taken care of by these men in their old age; but since they were gone it was different, and while they had hearts in them as big as a mountain, that Bisbee [defendant's trainmaster or superintendent in charge of the division on which the plaintiff was at work formerly] did not have a heart in him as big as a pill, and that although this boy had been working for the company all his life, and had given them the best years of his life as their servant, yet just as soon as this man Bisbee got in charge he discharged him, although the railroad company had hurt him, not twice but thrice, and crippled him up; and although they had butchered his leg and discharged him from the service of the company, they were fighting his just rights to recover damages in the courts, and that the plaintiff's counsel wanted the jury to bring in a verdict in favor of the plaintiff and to bring in a large one—one that would be so large that if it did not teach the railroad company anything else it would teach them they could not throw bolts and baggage from baggage cars onto the ground and endanger the lives of the citizens of Hempstead without having to pay for the same.' Because said language was calculated to arouse, and as evidenced by the verdict no doubt did arouse, passion and prejudice on the part of the jury against defendant, was intended to inflame the passions and prejudices of the jury, to incite them to give a verdict against the defendant that was punitory and intended as a punishment in no sense compensatory, and because the result of the verdict shows that the jury responded to this appeal to passion and prejudice, and gave a verdict punitory in its nature, although there was nothing in the case that would entitle the plaintiff to recover punitory damages, and although such damages were not even asked for in plaintiff's petition, all of which will more fully appear from defendant's bill of exception number 1 here referred to and made a part of this assignment of error."

The remarks of counsel complained of in this assignment are in flagrant violation of the rule which requires the argument of a cause to be confined strictly to the evidence, and can not be excused or justified

by anything that appears in the record of this case. Appellee in answer to the assignment does not attempt to justify the remarks nor deny that they were highly prejudicial to appellant, but contends that they furnish no ground for a reversal of the judgment because the bill of exceptions shows that they were not objected to by appellant at the time they were made.

It seems to have been generally held that where the language complained of is improper only because not strictly confined to the evidence it must be excepted to at the time it was used, otherwise it will not be a ground for setting aside the verdict; but we think it well settled that when counsel in their address to the jury intentionally go outside of the record and indulge in remarks that are clearly prejudicial to the rights of the opposing side and must have been made for the purpose of influencing the jury, such conduct not only authorizes but requires the trial court to set aside the verdict of the jury, notwithstanding the remarks were not objected to at the time they were made. We think the remarks of counsel set out in the assignment are of the character referred to by Judge Gaines in Gulf C. & S. F. Ry. Co. v. Greenlee as being "so plainly prejudicial to defendant as to demand that the verdict be set aside." Willis & Bros. v. McNeill, 57 Texas, 465; Prather v. McClelland, 26 S. W. Rep., 658; Jarrell v. Railway Co., 60 Texas, 267; Gulf C. & S. F. Ry. Co. v. Greenlee, 70 Texas, 553; Willis & Bros. v. Lowery, 66 Texas, 540.

The prejudicial effect of these remarks is reflected in the size of the verdict rendered, which we think is much larger than the facts warrant. If this were the only effect produced by the violation by appellee's counsel of the rule requiring the argument to be confined to the evidence we might remedy the wrong by requiring a remitter, but as before stated the evidence is not conclusive upon either the issue of negligence on the part of appellant nor that of contributory negligence, and we can not say that these improper remarks did not influence the jury in the determination of these issues. The assignment must be sustained, and the judgment of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*