STEPHENVILLE NORTH & SOUTH TEXAS RAILWAY 'COMPANY v. S. R. MOORE ET AL.

Decided May 30, 1908.

**1.—Eminent Domain—Condemnation Proceedings—Irrelevant Evidence.**

In a statutory proceeding to condemn land for a railroad right of way, evidence to the effect that the farm in controversy was damaged by the manner in which the roadbed was constructed thereby interfering with the natural flow of the water on the farm, was irrelevant and its admission was reversible error.

**2.—Appeal—Practice—Conflict between Bill of Exception and Statement of Facts.**

It seems that when a conflict exists between a statement of facts on appeal and an explanation attached to a bill of exception by the trial judge, the statement of facts will prevail.

**3.—Condemnation—Burden of Proof.**

In a statutory condemnation proceeding, the burden is upon the owner of the property sought to be taken to prove the market value of the same.

**4.—Same—Judgment.**

When the verdict is in favor of the plaintiff in a condemnation proceeding, the judgment should expressly condemn the land to the plaintiff's use.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*Marshall Ferguson,* for appellant.

*Nugent & Carter,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This is a proceeding by which the appellant sought to condemn land belonging to appellees for a railroad right of way, and in which the appellees sought to recover the damages incident to such condemnation. There was a judgment in favor of appellees for nine hundred and eighty-five dollars, from which the railroad company has appealed.

It is unnecessary to discuss appellant's first assignment of error with reference to the testimony of the witness J. A. Moore, whose objectionable answer appears to have been brought out by appellant itself, since the cause must be reversed for another ruling of the court and appellant will hardly ask the witness this question again.

The error for which the cause must be reversed was in admitting testimony, over the objections of appellant, to the effect that the farm in

controversy was damaged by reason of the fact that the company had so constructed its roadbed as to interfere with the natural flow and course of the water on said farm, thereby washing and depreciating the value thereof. It is not contended by appellees, nor does the view seem to have been entertained by the trial judge, that appellant's negligence in this particular would constitute a proper issue in this condemnation proceeding (see Kirby v. Panhandle & Gulf Ry. Co., 39 Texas Civ. App., 252) ; but the ruling is accounted for by the explanation of the trial court to the bill of exceptions that the testimony was admitted in rebuttal of the witness Stephen, who had testified for the railway company that the embankment, ditches, etc., made by the railroad company were a benefit to the land, but the statement of facts as made up and agreed to by counsel for both parties does not contain this testimony and the ruling therefore under the authority cited becomes erroneous.

The general charge of the court correctly placed the burden of proof upon appellees (Elliott on Railroads, sec. 1035a, and authorities there cited), and if it did not go far enough and specifically place upon them the burden of proving the market value of the land actually taken, it was an omission merely which could avail appellants nothing in the absence of a request for a special instruction to that effect.

The verdict and judgment ought to have condemned the land actually taken in favor of appellant, but the failure to do so would not of itself perhaps work a reversal of the case. See San Antonio & A. P. Ry. Co. v. Knoepfli, 82 Texas, 270.

For the error in admitting testimony as to the negligent construction of appellant's roadbed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*