EMMA PARHAM V. FORT WORTH & DENVER CITY RAILWAY COMPANY.

Decided June 27, 1908.

**1.—Charge—Discovered Peril.**

In an action against a railroad company for damages for the death of plaintiff's husband and minor child, charge upon the issue of discovered peril considered, and held not subject to the criticism that it excused the defendant from employing all the means at hand to avoid inflicting the injury after having discovered the peril of the deceased.

**2.—Charge—Undisputed Fact—Submission as Issue.**

The failure of the court to assume as true an undisputed fact and the submission of the fact as a question for the jury to pass upon is not necessarily reversible error when the court does not authorize a finding against the appellant if such fact be not found.

**3.—Negligence—Discovered Peril—Effort to Prevent.**

A mere failure on the part of a railroad employe to use the means at hand to prevent an injury is not actionable unless their use could reasonably and probably have prevented the injury.

**4.—Same—Case Stated.**

Where a father, temporarily insane, stood upon a railroad track at night and held his two minor children there with him until struck by a rapidly approaching train, evidence upon the issue of discovered peril considered, and held to support a judgment for the railroad company.

Appeal from the District Court of Childress County. Tried below before Hon. S. P. Huff.

*L. C. Barrett, J. A. Templeton* and *Joseph Aynesworth,* for appellant.—If an engineer operating a train discovers persons in front of the train on the track, and that such persons can not or will not probably leave the track, it is his duty to stop the train in order to avoid injury if it can be done by the use of the means at hand without injury to the train, and the discovery that the persons on the track can not or will not leave it will not exempt the defendant. International & G. N. Ry. Co. v. Munn, 46 Texas Civ. App., 276.

*Spoonts, Thompson & Barwise, Fires & Diggs* and *J. M. Chambers,*

for appellee.—Though the jury should find that the engineer failed to use all the means at hand to prevent the injury after he discovered the peril of the parties, yet such failure alone would not render defendant liable unless the failure was negligence. Austin & N. W. Ry. Co. v. McSween, 32 S. W., 376; Austin & N. W. Ry. Co. v. McElmurray, 25 S. W., 324; San Antonio & A. P. Ry. Co. v. McMillan, 102 S. W., 103; International & G. N. Ry. Co. v. McDonald, 75 Texas, 41.

SPEER, ASSOCIATE JUSTICE.—Emma Parham for herself, and for the benefit of her minor children, brought this suit against Fort Worth & Denver City Railway Company to recover damages for the death of her husband, C. A. Parham, and a minor son, Riley Parham, and for injuries to another minor son, Lawrence Parham, the two being killed and the third injured by one of the passenger trains of the defendant running over them in the night time. The negligence relied on was that of the operatives of the defendant company's train in not averting the accident after having discovered the peril of the deceased persons. There was a verdict for the defendant, and the plaintiff has appealed.

The portions of the charge most seriously attacked are as follows:

"2d. The defendant company was entitled to its railway track for its trains to run upon, and its servants and agents in charge of running the train had the right to act upon the presumption that the right of way for trains would be respected by persons thereon. This, however, would not excuse the running upon or over persons upon the track. It was the duty of the servants and agents of the defendant, running trains upon its track, at all times to keep a lookout, and if persons were seen upon the track, and in danger, to check up, halt or stop the train, if it could be done by the exercise of ordinary care, and by the use of ordinary means, to avoid inflicting injury upon such persons.

"3d. You are instructed that it is the duty of a railway engineer to use all the means within his power, consistent with the safety of the train, to prevent injuring persons upon the track, as soon as he may realize from the facts then within his knowledge that such persons thereon would not probably leave the track. And, under the facts in this case, it became the duty of the engineer to use all the means under his control, consistent with the safety of the train, to prevent the injury of the deceased, C. A. Parham and Riley Parham, and of Lawrence Parham, or to have lessened the injury to them, so soon as he realized, if he did so, from the facts within his knowledge, that said parties would not or probably could not leave the track.

"4th. Now, if you shall find and believe from a preponderance of the evidence before you that C. A. Parham and his two sons, Riley Parham and Lawrence Parham, were on the defendant's railway track at the time and place mentioned in the plaintiff's petition, and that the said Parham was holding his said sons on said track, as alleged in the plaintiff's petition, and you shall find that the said Parham and his two sons were run down and over by the engine and train of the defendant, and that C. A. Parham or Riley Parham were killed, or Lawrence Parham injured, and you further find that the engineer of the defendant in charge of said train saw and knew that said parties were on said track, and that he realized from facts within his knowledge that said parties

were in peril, and could not, or probably would not, leave the track, and that he did not then use all the means within his power, consistent with the safety of the train, to prevent injuring said parties, and you find that such acts, if any, on the part of the engineer, or his failure to act, if he did so fail, was negligence, which proximately caused the injuries to said parties, or either of them, as aforesaid, then, in case you so find, you should find for the plaintiff under the rules given you as to the measure of damages.

"If, however, you shall find that the engineer in charge of said train used all the means within his power, consistent with the safety of his train, to stop or lessen the speed thereof in time to prevent the injuries to the parties, as soon as he realized from the facts within his knowledge the peril of said parties, or that they probably would not or could not leave the track, if, in fact, he did realize the same; or if you find that he was not negligent, then you should find for the defendant, and so say by your verdict."

The second paragraph, even though it stood alone, would hardly be subject to the criticism that it excused the defendant company from employing all the means at hand to avoid inflicting the injury after having discovered the peril of the deceased Parham and his children, but it is perfectly apparent, in connection with the paragraph immediately following, that the jury could not have so understood it. They are there expressly told that it was the duty of the engineer to use all of the means under his control, consistent with the safety of the train, to prevent the injury after having discovered the perilous situation of the parties.

It is objected that in the fourth paragraph of the charge the court should have assumed that the deceased, C. A. Parham, was holding his two little boys, Lawrence and Riley, by their hands in front of the approaching train at the time of the said accident, since such was the undisputed testimony, instead of submitting such question to the determination of the jury. But if such fact can be said to have been indisputably established, it nevertheless does not follow that the court's failure to assume it to be true in the charge would be error, because the charge nowhere authorizes a finding against appellant, if such fact be not found. The cases of Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 264, and Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365, cited by appellant, are therefore not in point. See Houston & T. C. R. R. Co. v. Johnson, 103 S. W., 239, and Chicago, R. I. & P. Ry. Co. v. Hugh Johnson, on motion for rehearing in this court. (111 S. W., 758.)

The fourth paragraph of the charge is the subject of further criticisms, but we find no merit in them. The expression, "and (said parties) could not, or probably would not, leave the track," is but an explanation by the court of what is meant by peril; and the further requirement therein, that appellee's failure, on the part of its engineer, to use all the means at hand after discovering the peril to prevent the injury should be negligence, is proper, since it can not be said that mere failure to use the means at hand is actionable unless their use could reasonably have prevented the accident. In other words, whether or not a failure on the part of appellee's engineer to use the means at hand to check his train, or lessen its speed, was negligence, depends upon the

Vol. LI. Civil—33.

further question of whether or not, by the exercise of such diligence, he could probably have prevented the injury.

Neither the appellant's pleadings nor the evidence justified the submission of appellant's special charge No. 1 upon the issue of failure to discover the peril of the killed and injured persons by reason of the excessive and dangerous rate of speed at which appellee's train was moving. At most, the evidence shows the train to have been running at the rate of thirty-five or forty miles per hour, but there is nothing in the evidence to suggest that this was an excessive or dangerous rate of speed for a passenger train, such as appellee's was. The accident did not occur at a crossing, nor at any other place where persons on the track might reasonably be expected to be found.

Nor did the evidence call for the giving of special charges Nos. 6 and 7, requested by appellant, upon the issue of negligence in failing to sooner discover the peril of the father and children.

The last assignment complains of the insufficiency of the evidence to support the verdict. We have carefully examined the testimony, and have reached the conclusion that the verdict of the jury is fully sustained by the record. Lamentable as the accident was, it undoubtedly was not due to any negligence upon the part of appellee. The deceased father, together with his two little boys, had started to Childress, some eight miles distant, on the night of the accident, walking along appellee's tracks, meeting its northbound passenger train. The father, who was shown to be temporarily insane—*res ipsa loquitur*—instead of leaving the track on the approach of the train, as anyone reasonably would have been expected to do, held the little boys on the track until they were run over, and he himself and one of the children were killed and the other seriously injured. It would not reasonably have been anticipated by appellee's engineer that the deceased, knowing full well of the approach of the train, would not leave the track in time to avoid an injury. His act was that of a madman, and not of a sane person. We find nothing in the evidence indicating that appellee's operatives could have done more than was done to avoid the accident. At least, the verdict in these respects is supported by the testimony.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.