## CITY OF MART v. HASSE.   (No. 292.)*

(Court of Civil Appeals of Texas. Waco. Jan. 21, 1926. Rehearing Denied March 11, 1926.)

1. Eminent domain ⚖═202(1), 262(5)—Testimony of owner that he had no other home and did not want to sell land sought to be condemned, and proof of amount of notes against land which he had paid, held erroneous and prejudicial.

Testimony of landowner in condemnation proceedings that he had no property except the farm from which the land was being condemned, as to the number and amount of notes against it when he bought it, the number he had paid, that he had bought the land for homestead and did not want to sell it, but to keep it as a home, was immaterial and prejudicial.

2. Trial ⚖═120(1).

Argument of counsel must be confined strictly to the evidence.

3. Appeal and error ⚖═1060(4)—Improper argument is not ground for reversal unless verdict is against the evidence or appears to have been affected by such argument and is excessive.

Improper argument of counsel is not ground for reversal, unless the preponderance of the evidence seems against the verdict or verdict seems excessive, and there is reason to believe it may have been affected by such argument.

4. Appeal and error ⚖═261—Inflammatory argument of owner's counsel in condemnation proceedings held so improper as to require reversal, though no exception was taken.

Where argument of counsel in condemnation proceedings was apparently intentionally outside the record, inflammatory, calculated to, and doubtless improperly influencing the jury and causing them to award larger damages than they otherwise would have, it requires a reversal, though not excepted to at the time.

5. Eminent domain ⚖═262(5) — Where jury found land remaining after condemning desired portion decreased in value, failure to submit issue of increase was not error.

In condemnation proceedings, where jury found tract of land left by condemnation decreased in value, it was not error to fail to submit issue as to increase in value.

---

**6. Eminent domain ⊚⟹200.**

In condemnation proceedings, landowner has burden of proving value of condemned tract and decrease in value, if any, of remainder.

**7. Eminent domain ⊚⟹200.**

In condemnation proceedings, increase in value of portion not condemned if any must be proved by petitioner.

**8. Eminent domain ⊚⟹124.**

Where land is wrongfully taken and afterwards condemned, owner may recover the value at the time of trial.

**9. Eminent domain ⊚⟹136—Value of land lawfully taken by condemnation proceeding, and decrease in value of remainder at time of taking, is measure of damages.**

Where land is legally taken by condemnation proceedings, its market value at the time of taking, and the decreased market value, if any, of the remaining land at such time, is the measure of damages.

Appeal from McLennan County Court; James R. Jenkins, Judge.

Condemnation proceedings by the City of Mart against A. Hasse. From the judgment awarding compensation, the City of Mart appeals. Reversed and remanded.

R. W. Cowan, of Mart, and Jake Tirey, of Waco, for appellant.

W. L. Eason, Stansell Bryan, and Sleeper, Boynton & Kendall, all of Waco, for appellee.

STANFORD, J. This was a condemnation proceeding by appellant against appellee to ascertain the value of 42½ acres of land out of a 60-acre tract belonging to appellee, said land being condemned by appellant to be used as a site for a water reservoir, and to ascertain the increased or diminished value, if any, of the remaining 17½ acres by reason of said 42½ acres being condemned for said purpose. In reply to special issues the jury found: (1) That the city of Mart deemed it necessary to condemn said 42½ acres for the purpose of constructing a water reservoir; (2) that it was necessary to condemn said 42½ acres for said purpose; (3) that the reasonable market value of said 42½ acres at the time of trial is $115 per acre; (4) that before condemnation proceedings began appellant offered appellee $75 per acre for said 42½ acres; (5) that there was a difference in the market value of the 17½ acre tract just before and just after the condemnation of the 42½ acres; (6) that said difference was a decrease in the value of said 17½ acres; (7) that said decrease of said 17½ acres was $50 per acre; (8) that the amount of the vendor's lien notes against the 60 acres, in favor of the Union Central Life Insurance Company, was $2,296.92; (9) that the amount of county and state taxes against said 60 acres was $111.10. On these findings the court entered judgment in favor of the state and county for $111.10, and for the Union Central Life Insurance Company for $2,296.92, and for appellee for $3,354.48, and directing that the first two items above mentioned be paid by the county clerk of McLennan county out of a deposit of $5,525 theretofore made by appellant, and that the remainder of said deposit be applied to the court costs and to the amount awarded to appellee, and that appellee have execution against appellant for the remainder of the amount awarded him. Said judgment also granted to appellant an easement in and to said 42½ acres of land, fully describing same.

Opinion.

[1] Under several assignments, appellant contends the court erred in permitting appellee, A. Hasse, to testify over the objections of appellant that he did not have any kind of property except the farm out there, and also to testify to the number and the amount of the notes against said land at the time appellee bought said land, and the number of said notes that he had paid; and also to testify that he had bought this land for a homestead and did not want to sell it, but keep it as a home. The appellant, under the authority of law in this state, had the right to condemn the 42½ acres of land out of the 60-acre tract in question. No issue was made, and none could be made, as to appellant's right to condemn said land for a site for a water reservoir for the city of Mart. The only issue involved in this case was the amount of damages to which appellee was entitled by reason of the 42½ acres being condemned, and the measure of his damages was the reasonable market value of the 42½ acres taken and the diminution in value, if any, to the remaining 17½ acres by reason of the 42½ acres being taken and used for a water reservoir. It was wholly immaterial whether or not he wanted to sell it, or bought it for a homestead, or wanted to keep it as such, or whether or not he had other property. This evidence was prejudicial to appellant's rights, in that it was calculated to and doubtless did create sympathy for appellee, and while the admission of this evidence probably should not be held reversible error, yet we think it was error to admit it, and it should have been excluded. G. H. & S. A. Ry. Co. v. Schelling (Tex. Civ. App.) 198 S. W. 1018. We sustain these assignments.

[2-4] Under other assignments, appellant complains of improper argument to the jury made by appellee's attorney. The record discloses that, while appellee's counsel was making his argument to the jury, he made the following statement:

"Poor old man Hasse is at home to-day flat on his back, in bed, and is not able to attend court."

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

And that appellee's counsel made this further argument to the jury:

"It matters not what amount of damages you give poor old man Hasse; the mayor of Mart will continue to rare back and smoke his cigars, and the mayor and commissioners of the city and the city attorney will sleep sound tonight, but if you give A. Hasse less than $125 per acre for his land and less than $75 per acre damages to his remaining land, he will not be able to sleep, but will lie awake all night worrying on his sick bed."

And appellee's counsel, in said argument, stated further:

"The defendant, A. Hasse, while living in Palestine had a nice home, with orchards and various improvements, which he had prepared specially for a home, and traded the same for this tract of land in controversy for the purpose of making it his home; that he was now unable to follow his trade as a mechanic and desired to make this 60-acre tract of land his future home, but because of the condemnation proceedings he will be forced to abandon same, and was now too old and crippled up and physically unable to ever acquire and pay for another home."

Most of the above argument by appellee's counsel was not based on anything contained in the record, and was unrebuked by the trial court and no directions given by the trial court to the jury not to consider same, and is properly before this court by bills of exception, duly taken and presented, and was assigned as grounds for new trial. We think it is immaterial, in view of the character of this improper argument, that appellant's counsel did not object in open court at the time the last two improper arguments were made. Objection was made to the first improper argument at the time it was made, and the court remarked that he thought it was improper, but no instruction was given the jury not to consider same. The argument of counsel complained of in these assignments was in flagrant violation of the rule which requires the argument to be confined strictly to the evidence. Said argument cannot be excused or justified by anything that appears in the record.

We think it is well settled that when counsel intentionally go outside the record and indulge in remarks that are clearly prejudicial to the rights of the opposing side, and such improper argument appears to have been made for the purpose of influencing the jury, and that they were probably influenced thereby, such improper argument will require a reversal of the case, although not excepted to at the time it was made. Willis & Bro. v. McNeill, 57 Tex. 465; Prather v. McClelland (Tex. Civ. App.) 26 S. W. 658; H. & T. C. R. Co. v. Rehm, 82 S. W. 526, 36 Tex. Civ. App. 553; Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Railway v. Terrell (Tex. Civ. App.) 172 S. W. 742; Kirby Lumber Co. v. Youngblood (Tex.

Civ. App.) 192 S. W. 1106; Home Life Co. v. Jordan (Tex. Civ. App.) 231 S. W. 802; Railway Co. v. Emberlin (Tex. Civ. App.) 274 S. W. 991. Improper argument within itself furnishes no sufficient reason for reversing a judgment; it is only in cases in which the preponderance of the evidence seems to be against the verdict, or in cases in which the verdict seems to be excessive and there is reason to believe that the verdict may have been affected by such improper argument. Appellant assigns error, raising the contention that the damages awarded in this case are excessive. We have examined the evidence, and find the finding of the jury as to the value of the 42½ acres condemned, and also as to the diminution in value of the remaining 17½ acres, is practically the largest amount testified to by appellee and two or three of his witnesses, while there were a great many more witnesses who placed the value of the land taken at a much less value, and also the decrease in value of the 17½ acres at much less, or no decrease in value at all, and some that the 17½ acres was increased in value by the 42½ acres being condemned; and in view of this state of the record, we cannot say the improper argument was not harmful to appellant. The argument complained of was improper, was inflammatory, calculated to and doubtless did improperly influence the jury and cause them to award appellee larger damages than they otherwise would have done. Davis, Agent, v. Hill (Tex. Civ. App.) 272 S. W. 291, and cases there cited. We sustain these assignments, which requires a reversal of this case.

[5-9] In view of another trial, in reference to the court's charge, we will say: We think said charge in the main was correct; however, it was unnecessary for the court to submit questions 1 and 2, in that such supposed issues were not raised by any evidence. Also, it was not necessary to submit issues 9 and 10, as there was no dispute, under the pleadings or evidence, of these amounts, and unless such issues are made on another trial, they should not be submitted. It was also unnecessary, and probably erroneous, to give in charge to the jury, the case being submitted on special issues, the provisions of our statutes and Constitution in reference to the condemnation of land. On another trial the court should submit an additional issue, if requested, to the effect that if the jury find there was an increase in the value of the 17½ acres by reason of the 42½ acres being condemned, then to find the amount of such increased value. Under this record it was not error to fail to submit this issue, for the jury found a decrease in such value, but if they had found an increase such issue would have become very important. The court's charge on the burden of proof was erroneous, and should not have been given. The burden of proof was upon appellee, the landowner, to prove the value of the 42½

acres condemned, and also the decrease in value, if any, in the remaining 17½ acres by reason of the 42½ acres being condemned. If the 17½ acres was increased in value by reason of the 42½ acres being condemned, then the burden was upon appellant to prove such fact and the amount of such increase in value. The trial court should have given the special charge on the burden of proof requested by appellant. Wichita Falls & W. Ry. Co. v. Wyrick (Tex. Civ. App.) 158 S. W. 570; Stephenville N. & S. T. Ry. v. Moore, 111 S. W. 758, 51 Tex. Civ. App. 205; Hopkins County Levee Dist. v. Hooten (Tex. Civ. App.) 252 S. W. 325. The evidence of the market value of the land condemned, and the increase or decrease in the value of the 17½ acres remaining, should be confined to the time or about the time appellant took charge of said 42½ acres, the rule being that when land is wrongfully taken and afterwards sought to be condemned the owner may recover for the value at the time of trial (Texas & Western Ry. Co. v. Cave, 15 S. W. 786, 80 Tex. 137; Routh et al. v. Texas Traction Co. [Tex. Civ. App.] 148 S. W. 1152; City of San Antonio v. Fike [Tex. Civ. App.] 211 S. W. 639); but where land is legally taken by condemnation proceedings under authority of law, then the value of the land at the time it is so taken, and the decreased value, if any, of the remaining land at such time, constitute the proper measure of damages. Texas Western Ry. Co. v. Cave, 15 S. W. 786, 80 Tex. 137; Traction Co. v. Wilhelm et ux. (Tex. Civ. App.) 194 S. W. 448.

We have considered all of appellant's assignments, and those not discussed are overruled. For the errors above indicated, the case is reversed and remanded.