## CITY OF PAMPA v. TODD et ux.
### No. 1423—6046.

Commission of Appeals of Texas, Section B.
April 19, 1933.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for plaintiff in error.

W. M. Lewright, of Pampa, and Ben Baldwin, of San Diego, for defendants in error.

LEDDY, Judge.

This suit was brought by defendants in error to recover damages from plaintiff in error on account of the death of their daughter, Mickey, a young girl 17 years of age. Her death was alleged to have resulted from the negligence of plaintiff in error in leaving an open ditch on one of its streets unguarded and without warning lights.

The case was submitted to a jury upon special issues, which were answered favorably to defendants in error. Judgment was entered in their favor against plaintiff in error in the sum of $6,900. The case was appealed to the Court of Civil Appeals [39 S.W.(2d) 636], with the result that the judgment of the trial court was affirmed.

The Court of Civil Appeals refused to sustain an assignment complaining that the verdict of the jury was excessive. Notwithstanding this holding, the verdict, when considered in the light of all the facts, is a large one. The parents of the deceased were past 50 years of age. It is shown that this young girl had for the past year been working as a waitress in various restaurants. The amount of her compensation in such employment is not disclosed. When she had employment, she contributed $5 per week to the support of her parents. When not employed at her regular vocation, she assisted them in the performance of household and various other duties on the farm. It is shown that this case has been tried three times. The amount awarded on this trial is practically double the amount of the verdict on the first trial, and $1,900 in excess of that rendered upon the second trial.

The facts relied upon to support the amount of the verdict rendered by the jury are stated preliminary to our consideration of plaintiff in error's complaint of improper conduct and argument engaged in by one of the attorneys for defendants in error during the trial of this case. It is claimed that such improper conduct and argument prejudiced plaintiff in error's rights so as to prevent it obtaining a fair consideration of its defenses at the hands of the jury.

The testimony discloses that at the time Mickey Todd was killed she was riding in a Ford coupé with her sister, Della, and two gentlemen. In returning from a dance some time after midnight the car struck a ditch and turned over. Mickey Todd was killed and her sister Della injured and taken

to the hospital. There was no testimony in the record showing that Della Todd had sued for and recovered a judgment against the city for the injuries she received in this accident.

While the father of the deceased was testifying as a witness in his own behalf he was asked to state whether or not his daughter Della was injured in this wreck. Counsel for plaintiff in error interposed an objection to this testimony. Thereupon the court asked defendants in error's counsel upon what theory testimony with reference to the injury of Della Todd was admissible. In response to such inquiry, counsel for defendants in error made this statement in the presence and hearing of the jury, viz.: "The theory is that I expect to prove by this witness that the girl Della has been doing well to take care of herself because of the injuries received in the wreck; that she has already sued the city of Pampa for and got a judgment."

Plaintiff in error promptly excepted to this language of counsel, and the court thereupon instructed the jury that the statement of counsel was in the opinion of the court improper and that the jury should not consider it for any purpose in arriving at their verdict.

Plaintiff in error insists that the disclosure to the jury that the sister of the deceased had obtained judgment in a suit against the city of Pampa for injuries growing out of the identical state of facts upon which this suit is based was so prejudicial in character that it constituted reversible error, notwithstanding the admonition of the court to the jury not to consider it for any purpose. We agree with this insistence.

It is reversible error for a jury to be informed of the fact that the plaintiff in a case has recovered a judgment against the defendant upon a previous trial. Attaway v. Mattax (Tex. App.) 14 S. W. 1017; Atwood v. Brooks (Tex. App.) 16 S. W. 535; 38 Cyc. 1492; 2 R. C. L. 425, § 24.

We can see no distinction between such a case and one wherein it is shown that another party has recovered judgment against the defendant under the identical state of facts for which a judgment is sought in the case upon trial. Testimony of this character is reasonably calculated to deprive a defendant of a fair consideration by the jury of his defenses. The average juror considers it manifestly inequitable and unjust for one person to be awarded damages for an injury received in an accident and to deny another a recovery for an injury sustained in the same accident. The injurious effect of this character of testimony is frequently demonstrated in criminal cases, where the evidence shows that two parties are equally guilty in the commission of a crime. It is difficult to convict one of the defendants if the jury receives the information that, under the same

state of facts, his codefendant has been theretofore acquitted.

Even though the court admonished the jury not to consider for any purpose counsel's statement in this regard, the fact remains that each juror knew when deliberating upon a verdict in this case that the sister of the deceased had been awarded damages against plaintiff in error for injuries sustained in the very accident in which Mickey Todd lost her life. If the jurors in their deliberations had reached the conclusion that defendants in error were not entitled to a verdict under the facts, they would have been placed in an awkward attitude in rendering such a verdict, as they would naturally be loath to return a verdict which they conscientiously believed to be unfair and unjust.

We also sustain plaintiff in error's complaint that this case should be reversed because of improper argument made by one of defendants' counsel in the closing argument to the jury. During the course of said argument counsel made the following remarks:

"I have been on it (this case) about three years. You gentlemen have just been on it about three days. I don't feel and cannot feel that my three years of labor is going to be lost here, although I well know that regardless of the verdict you gentlemen render, the size of it, or anything else, that the City of Pampa is going to appeal the case. I want to ask you gentlemen at the outset in considering this case, to disregard that entirely. Whatever you see fit to allow us and I don't care if it is fifty dollars, or seven thousand five hundred or five thousand dollars, or what it is, the City of Pampa is going to appeal it and keep these people out as long as they can. The evidence in this case shows that they have done it for three years, and I expect they will try to do it for another three years. * * *

"I will say this, that I don't think there is a man on this jury but what knows right down in his heart right now, that regardless as to how this Court has framed these questions, and they are all framed to you in accordance with the law, as to what is right and just about this matter—and the right and justice of it is that girl's life should be paid for by the people of the City of Pampa—but, Gentlemen, remember that just as a sample of it, men, they have got the money to fight us with, and they are doing it, and just as a sample of it, Gentlemen, they are paying this Reporter here right now to take down what I say that in the hopes that in my zeal and enthusiasm in this argument that I will say something to you they can go to the Court of Civil Appeals with—"

"But, first, Gentlemen of the Jury, I want to get back to what I told you at the outset of my opening argument here. I say to you these questions were concocted for the protection of the corporations and municipal cor-

116

porations, and I will say to you again that the theory of submitting special issues was done for the protection of corporations and municipal corporations.

"With all due respect for Charlie (meaning one of the attorneys for defendant) I will say this right now, Charlie right now knows that these people should have a recovery in this case, knows it and has known it all along, but for some reason or another the Mayor and City Commissioners won't pay off, and they have done a pretty good job of it, but, Gentlemen, I will fight them until the lower regions freeze, and all I want is fairness and justice. * * *

"Mr. Cook makes a great play out of the fact that all of those children other than these two practically appear to be worthless. Maybe they were, but there happened to be two of them who weren't, and what happened to them—the eldest Della was ruined in this very wreck. * * *

"You don't know when rheumatism is going to take this old father away; he might live until he is sixty, and he might live until he is eighty cramped up with rheumatism, and you don't know when she will die. You may gamble that it may be five years, or it may be ten years or fifteen years, twenty-five or thirty years, but if you gamble on it, men, for God's sake gamble on the side of justice, and give them the benefit of the doubt."

The bills of exception presented to the alleged improper argument show that no objection was urged at the time this argument was made, or at any time before the filing of the plaintiff in error's motion for a new trial. The court did not instruct the jury to disregard this argument or any part of it.

■ It is the general rule that a case will not be reversed on account of improper argument before a jury unless objection is interposed at the time the argument is made.

■ There is a well-recognized exception to the rule to the effect that a case will be reversed because of improper argument, even though no objection is interposed at the time, if the argument complained of is so plainly prejudicial that an instruction by the court to the jury not to consider the same would in all probability be of no avail. Gulf, C. & S. F. Railway Co. v. Greenlee, 70 Tex. 553, 8 S. W. 129; St. Louis & S. F. Railway Co. v. Green (Tex. Com. App.) 37 S.W.(2d) 123; Davis v. Hill (Tex. Com. App.) 298 S. W. 526; Houston & T. C. Railway Co. v. Rehm, 36 Tex. Civ. App. 553, 82 S. W. 526; Ft. Worth & D. C. Railway Co. v. Hays, 51 Tex. Civ. App. 114, 111 S. W. 446; Home Life & Accident Ins. Co. v. Jordan (Tex. Civ. App.) 231 S. W. 802;

Prather v. McClelland (Tex. Civ. App.) 26 S. W. 657; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169.

■ In the argument to a jury an attorney is allowed considerable latitude in drawing inferences and deductions from facts proven upon the trial. He will not, however, be permitted, under the guise of argument, to indulge in the use of prejudicial statements which are utterly foreign to the record. Such conduct is reasonably calculated to prevent the opposing party's receiving a fair consideration of his pleas and the evidence adduced in support thereof. Justice cannot be properly administered unless cases are tried and decided upon the evidence adduced for the consideration of the jury. A verdict wrung from a jury through prejudicial statements by counsel, which are outside of the record and have no bearing whatever upon the real issues in the case, operates to deny a party that fair and impartial trial which the laws of this state contemplate every litigant should receive.

All of the remarks complained of are clearly beyond the bounds of legitimate argument. The statements made to the jury by counsel are not fair comments upon any proven facts, nor are they proper inferences or deductions from testimony given by any witness upon the trial of the case. The argument quoted needs no analysis to demonstrate its prejudicial character. This readily appears from a perusal thereof. It is reasonably apparent that an instruction by the trial court for the jury not to consider it would have been of no avail. The size of the verdict, when considered in the light of the meager facts proven on the measure of damages, very strongly indicates that the jury were probably influenced by the improper argument.

Plaintiff in error presents several complaints as to the admissibility of certain evidence. After a careful consideration of these assignments, we have concluded that they were properly disposed of by the Court of Civil Appeals, and it is not necessary that we further discuss them here.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.