No. 5901.

GULF, COLORADO & SANTA FE RAILWAY COMPANY v. JAMES
S. GREENLEE AND WIFE.

1. TRIAL BY JURY—FORMING JURY.—Construing articles 3091, 3093 and
3094, Revised Statutes, *held:* That the object of the statute was, as
far as practicable, to secure the formation of a jury from the names se-
lected by the jury commissioners, and to prevent delay in the formation
of a jury. If, when a jury is to be impaneled, as many as twelve names
remain of the panel for the week, no talisman should be summoned
until such challenges for cause as are desired have been made. If,
after challenges for cause, as many as twelve remain in the jury box,
both parties must then proceed to make their peremptory challenges
Whenever the number is less than twelve, either when first drawn or
after challenges for cause, or after peremptory challenges, then, and
not before, the court may order others to be summoned by the sheriff.
2. CHARGE OF COURT.—A charge predicated on a condition of facts not.
sustained by the evidence, but which from its very nature could not
have misled the jury, will afford no ground for reversal.
3. NEGLIGENCE—CHARGE OF COURT.—Negligence, except in the failure to
perform a statutory duty, is rarely a question of law.  Being generally
a question of fact, it is not proper to direct the jury what specific facts
would constitute contributory negligence.  Contributory negligence,
on the part of a defendant, must, like negligence (when it does not
arise from violation of a statutory duty) depend upon the facts of the
particular case, of which the jury should judge under general instruc-
tions.
4. ARGUMENT OF COUNSEL.—When objectionable language is used by coun-
sel in argument, which it is believed may improperly affect the jury,
objection should be made by the opposing counsel at the time; failing
in this, he can not ask a reversal of the judgment for that cause, unless
the language was plainly prejudicial to an impartial trial.

APPEAL from Bosque.  Tried below before the Hon. J. M.
Hall.

This suit was brought by Lou M. Greenlee and her husband,
James S. Greenlee, in the district court of Bosque county,
against appellants. Appellees filed their amended petition and
alleged that on and before the twenty-ninth day of September,
1881, appellants were operating their road through Bosque
county, and did on its line of road run over and across a pub-
lic road and highway leading from Meridian to Clifton, about

three miles from Meridian, and that at the intersection of the two roads appellants had "negligently and voluntarily placed and caused to be placed large heaps of earth and other obstructions on its right of way, which remained there" and prevented persons on the highway from seeing approaching trains on the railroad "in the vicinity of the crossing," and had no sign board erected at the crossing, and had by excavations and embankments at the crossing impaired said highway so as to render it unsafe for persons in vehicles to cross, on account of the steepness and suddenness of depression at the approach, and did not restore the same to its former condition up to said date.

Appellees, on said twenty-ninth of September, 1881, were traveling with their children on said "dirt highway in a wagon drawn by oxen, and undertook to cross said railway at said point of intersection," and without any fault of theirs, and unconscious of an approaching train when they approached the crossing in said wagon, and were about to cross, appellant's locomotive drawing a train of cars at a great rate of speed, by its negligence, across said highway, struck the wagon and oxen "with great violence, knocking down said oxen and turning over said wagon," and plaintiffs and children were thrown on the ground, "and said Lou M. Greenlee, by reason of said collision, force and violence, which was inflicted by the negligence of defendant (appellant), had her hip and shoulder greatly bruised and injured, and her spine injured so that she has been confined to her bed many months," alleged the injuries to be permanent, and that she is probably disabled for life. That appellants did not ring any bell or blow a whistle on approaching the crossing; that the injuries were caused by appellant's negligence in impairing the highway and not restoring it, in not erecting the sign at the crossing, or giving the signals of the approaching train, and running at a great rate of speed; and without any fault on part of appellees. That said injuries inflicted on said Lou M. Greenlee "have caused her great pain and physical suffering," and for which plaintiffs claim twentythousand dollars damages. They allege that the injuries were caused by appellant's willful and wanton negligence, and with no attempt to avoid the same, and allege malice and gross negligence, and for which they claim ten thousand dollars damages.

They allege further negligence on appellant in maintaining obstructions on its right of way near the crossing, and failure to erect a sign, and in impairing the highway so as to render it dangerous at the crossing, and that on the twenty-ninth of September, 1881, appellees with their children were traveling on said right of way in a wagon drawn by oxen, and without negligence on their part, or either of them, were ignorant of the approach of any train when nearing the railway, and were about to cross, and that on account of said crossing, and impairment of said right of way, the approach to the railway is very steep, and the oxen drawing the wagon with appellees and their children were approaching said railroad on a down grade, when appellant's locomotive and train of cars, through its negligence and carelessness, "was run at a great rate of speed along said railway and across said highway, when the head of said oxen were near the rails, and that the proximity of said engine and cars to the heads of said oxen, and the noise and motion thereof so frightened said oxen that they suddenly turned around, by which said wagon was overturned" and appellees and children were violently thrown out to the ground and "serious injuries were inflicted upon the shoulders and hip and spine of said Lou M. Greenlee, which have caused great and acute pain and suffering," for which appellees claim twenty thousand dollars damages. They allege at the time last aforesaid, appellant negligently failed to signal, etc., by ringing a bell or blowing a whistle, and by which said injuries were caused without fault of appellees, and that it was by the gross carelessness and negligence of appellant, whose employes in charge of said train, though discovering the danger of appellees in time to prevent said injury, "made no effort to check the speed of said train," for which they claim ten thousand dollars as exemplary damages. They pray for damages and general relief.

Appellant filed an amended answer and demurred generally to appellees' amended petition, and specially, first, that appellees did not allege ignorance of the nearness of railroad to the highway, and of the intersection of the two roads, and second, third, fourth and fifth, special exceptions to that part of petition alleging and claiming exemplary damages.

Appellant also filed general denial and plea of not guilty, and answered specially that the injuries, if any, were caused by the "negligence and improper conduct" of appellees, and it

alleges that just before the supposed trespass charged in said petition, appellees were driving their wagon and ox team "in and along said highway in the vicinity and in the direction of said intersection," etc.; the train of cars "at the same time being and moving on and along appellant's said railway in the vicinity and in the direction of, and at a safe distance from, said intersection," when at the same time the said oxen, "as they were approaching said intersection, were so negligently and improperly managed," etc., and did the acts and caused the injuries complained of, etc., without fault of appellant, and if any injury was done to Lou M. Greenlee, it was caused by the negligent and improper management of said oxen, and by the unruliness of said oxen, "and not the default of appellant or its servants." Appellant answered further charging contributory negligence on appellees—that appellees were driving, etc., a covered wagon, and carelessly and negligently approached said intersection and attempted to cross with said wagon and team, etc., "without having first looked and listened," etc., for the approaching train, at the sight and sound of which said oxen turned, etc., and caused the injuries, if any, complained of, etc.

The court ruled, on the exceptions to the amended petition, sustaining the second, third, fourth and fifth, and overruling the first, to which latter ruling appellant excepted. Verdict and judgment for six thousand five hundred dollars.

The facts connected with the organization of the jury are set forth in the opinion.

*W. M. Flournoy,* for appellant: First. The court erred in organizing the jury in this cause and compelling the defendants to accept the same over defendant's objections, as fully set forth in manner and form in bill of exceptions number one. (Revised Statutes, arts. 3031, 3032, 3051, 3053, 3090, 3092, 3093, 3094, 3095, 3096.)

The second and third assignments of errors, taken together as a proposition, are as follows:

Second. The court erred in that portion of its charge to the jury submitting to them for their consideration the question of collision or no collision, when there was no evidence of a collision.

Third. The court erred in that portion of its charge which submitted to the jury the question of damages resulting from

an actual collision of defendant's train with plaintiff's wagon, there being no evidence to base said charge, and the same was misleading to the jury. (Cravens v. Wilson, 48 Texas, 324; Hutchins v. Masterson, 46 Texas, 551; Earle v. Thomas, 14 Texas, 583; Hampton v. Deane, 4 Texas, 455; Norvell v. Phillips, 46 Texas, 162; Lee v. Hamilton, 12 Texas, 413; Foster v. Martin, 20 Texas, 118; Hancock v. Horan, 15 Texas, 507.)

5. The court erred in that portion of its charge to the jury wherein it said that if neither party were guilty of negligence, and an injury was inflicted, the occurrence would be an accident without remedy, because such charge was not warranted by the evidence and was calculated to mislead the jury. The charge is: "It is the duty of both the railroad company and of those operating its trains and of persons traveling along the public highway to use reasonable care and ordinary prudence to avoid a collision at any point where the company's road and such public highway may cross each other, and if a collision should occur at any such crossing and any injury should happen from such collision, and neither party should be guilty of negligence in causing such collision, then no action could be maintained by reason of such an injury. It would be an accident for which the law affords no remedy." There was no evidence upon which to base such a charge. (Railroad Company v. Smith, 52 Texas, 178; Hoover v. Railway Company, 61 Texas, 503; Railway Company v. Greenlee, 62 Texas, 349; Railroad Company v. Smith, 62 Texas, 252.)

"8. The court erred in failing to charge the jury that it was the duty of the plaintiffs to try to learn of the approach of a train before plaintiffs attempted to cross said track, by the exercise of the sense of seeing and hearing, and refusing the charge requested by defendant on this."

"9. The court erred in its charge in imposing care and watchfulness upon the plaintiffs only when they attempted to cross defendant's track and excluded from the consideration of the jury any evidence showing negligence on the part of plaintiffs before that time and refusing the charges requested by defendants upon this." (R'y Co. v. Bracken, 59 Texas, 178; R. R. Co. v. Houston, 95 U. S., 697; Schofield v. R'y Co., Sup. Ct. U. S., 5 Sup. Ct. Rep., 1125.)

In support of the charges asked, appellant cited Railroad Company v. Smith, 52 Texas, 178; Railway Company v. Bracken, 59 Texas, 74; Hoover v. Railway Company, 61 Texas, 503; Rail-

way Company v. Greenlee, 62 Texas, 349; Railroad Company v. Houston, 95 United States, 697; Schofield v. Railway Company, 5 Supreme Court Reports, 1125; Wharton on Negligence, section 382; same, page 346; Shearman & Redfield on Negligence, section 488; Pierce on Railroads, 343; Thompson on Negligence, 426, note 424; Gorton v. Railway Company, 46 New York, 662; Fletcher v. Railroad Company, 46 Missouri, 484; Benton v. Railroad Company, 42 Iowa, 195; Dodge v. Railroad Company, 34 Iowa, 276; Railroad Company v. Beale, 73 Pennsylvania State, 504; Spencer v. Railroad Company, 26 Iowa, 60; Doscombe v. Railroad Company, 27 Barbour, 222; Havens v. Railroad Company, 41 New York, 296; Wilcox v. Railroad Company, 39 New York, 358; Shaw v. Railroad Company, 8 Gray, 45; Butterfield v. Railroad Company, 10 Allen, 532; Railroad Company v. Hunter, 33 Indiana, 835; Railroad Company v. Godfrey, 71 Illinois, 508; Railroad Company v. Hart, 87 Illinois, 534; Brown v. Railroad Company, 22 Minnesota, 167; Railroad Company v. Mitchell, 52 Mississippi, 812; Zimmermann v. Railway Company, 71 Missouri, 476; Railway Company v. Dimmick, 42 Illinois; Railroad Company v. Richter, 43 New York, 223.

*Alexander & Winter*, for appellees: The action of the court assigned as error in organizing the jury, so far from being erroneous, conceded to appellant more than it could properly demand. The jury law does not contemplate that the names of jurors who are engaged considering another case should be drawn for another case, nor that talesmen should be summoned when there are twelve regular jurors, before a party is required to pass on the jury. (Williams v. Davidson, 43 Texas, 39; Patton v. Rocker, 29 Texas, 502; Railroad Company v. Murphy, 46 Texas, 357.)

The complaint of appellant under seventh assignment of error is not well founded, because it appears from the evidence that the highway was for a long distance substantially parallel with the railway; that the plaintiffs were unacquainted with the country, and only ascertained where the road crossed the railroad when they got in proximity to the crossing where the injury occurred, and no diligence was required of them under the circumstances until it became apparent that the highway was about to cross the railroad. (Texas & Pacific Railway Co. v. Chapman, 57 Texas, 75.)

*S. H. Lumpkin,* also for appellees.

GAINES, ASSOCIATE JUSTICE.    This is an action brought in the court below by James S. Greenlee and his wife Lou M. Greenlee, to recover damages for a personal injury to the wife, alleged to have occurred by reason of the negligence of the defendant company.

The appellees were traveling along a public road in an ox wagon, and, arriving at the road of the defendant where it is crossed by the highway, and the heads of the oxen reaching the track of the railroad just as an engine drawing a train of cars swept past, the oxen were frightened by the locomotive, and, sheering to the right, overturned the wagon and inflicted the injury of which appellees complained.

The first question presented in the brief of appellant is, as to the action of the court in impaneling a jury.    It appears from the bill of exceptions that when the parties announced ready for trial, a number of the jurors selected for the week had been impaneled in another case, and were then considering of their verdict; and that thereupon the court directed the names of the remaining jurors to be drawn and placed upon the slips.    Twelve names having been drawn and entered upon the slips, the parties were required to exercise their peremptory challenges.

The counsel for defendant objected to exercising its right of challenge until the entire panel for the week had been placed in the box and their names drawn by the clerk.    The objection was overruled.    The counsel then moved the court to allow them to suspend their challenge until a sufficient number of talesmen could be summoned to complete the lists.    This was refused, and the parties were required to strike from the lists furnished by the clerk before other jurors were summoned. In the action of the court there was no error.    The statutes evidently contemplate that when as many as twelve jurors are present for the trial of causes, their names must be drawn and placed upon the slips before others are summoned.    (Rev. Stats., art. 3091.)    The article cited provides, in substance, that in cases in the district court, in which not so many as twelve names remain in the box, the court shall direct the sheriff to summon a sufficient number of qualified persons as it may deem necessary to complete the panel, thereby clearly implying that if twelve remain talesmen shall not be summoned

until the number is reduced by challenge. When as many as twelve are drawn, they are then subject to be challenged for cause. (Rev. Stats., art. 3092.) If by such challenges the number be reduced to less than twelve, then other jurors must be summoned. (Rev. Stats., art. 3093.) But if, after the exercise of the challenges for cause, as many as twelve remain, then "the parties shall proceed to make their peremptory challenges, if they desire to make any." (Rev. Stats., art. 3094.)

Such is the meaning of the statute literally interpreted, and its obvious intent is to prevent an unnecessary consumption of time. As long as it is possible to complete the jury without resort to talesmen this shall be done. Whenever the number is less than twelve, either when first drawn or after the challenges for cause or after the peremptory challenges, then, and not before, the court is empowered to order others to be summoned by the sheriff. No reason is seen why the directions of the statute should not be literally pursued. Under them there is a reasonable assurance that every juror obnoxious to either party may be excluded from the panel, and thereby a fair and impartial jury secured. The articles we have cited from the Revised Statutes were partly if not primarily intended to meet the very contingency which presented itself in this case, and is wisely provided, in order to save delay in the trial of causes, when such delay is not necessary to the due administration of justice. It is to be further remarked that the leading object of our present jury law was to avoid the evils resulting from the summoning of juries by sheriffs and in furtherance of that end it is framed with the intent to secure the panel when practicable, from the jurors selected by the commissioners.

There are several asssignments of error which complain of the charge of the court. This court submitted an instruction to the jury upon the hypothetical case of a collision between the engine of defendant and plaintiff's wagon; and it is objected to the instruction that there was no evidence of a collision, and that it is therefore erroneous. It seems to us, however, that this is quite an immaterial matter, and that if the assumption that there was no evidence of actual contact were well founded, the charge could not have misled the jury to the prejudice of appellant. But in point of fact there was evidence of a collision between the engine and the oxen which drew the wagon. The plaintiff J. S. Greenlee testified that he thought the engine struck the horns of the oxen, and in an-

other place, that his impression was it touched their legs. His wife's testimony was somewhat to the same effect. Neither of them were positive whether there was any actual contact or not.

It is also complained that the the court erred in charging the jury that if neither party was guilty of negligence the injury was the result of an accident and no recovery could be had. But it is clear that the defendant could not have been prejudiced by this instruction.

In reference to the other assignments which relate to the instructions of the court we may say generally that, in our opinion, the court's charge correctly presented the law applicable to the case and to the issues made by the pleadings and evidence upon each phase of the case; the jury were clearly instructed that the plaintiffs could not recover if they failed to exercise ordinary care and prudence in attempting to cross the railroad track. It is claimed, however, that the charge is erroneous, because the jury were not told that the plaintiffs could not recover if they were negligent in not watching for the train before they discovered the crossing. But we know of no law which makes it the duty of travelers upon a highway which runs parallel to a railroad track, before crossing it to look for trains before they approach the point of danger. The court charged, in effect, that, if the plaintiffs, after they "ascertained where the crossing was or, after, by the use of ordinary diligence, could have discovered the crossing," failed to exercise such care to avoid the danger as a prudent man would have exercised under like circumstances, they could not recover. The husband admitted in his testimony that he saw the crossing before he started his wagon down the declivity, and at a point some fifty or sixty feet from the railroad track, and testified that before attempting to cross over he looked for approaching trains but saw none. Before this there was no danger to be encountered, and we are at a loss to conceive what diligence he was called upon to exercise prior to this time. Can it be seriously contended that he should have been on the outlook merely because he was running parallel to the railroad track? If the court had so charged the charge would have been misleading and fatal to the judgment, if the verdict had been against the plaintiffs.

It is also insisted that the court, instead of charging generally that plaintiffs could not recover if they failed to exercise

ordinary care in approaching the crossing, or at least, in addition to such charge, should have instructed the jury that it was the duty of plaintiffs, as they approached the track, to look and listen for coming trains. But we think the charge as to the contributory negligence of plaintiffs, as given in general terms, sufficient. According to the rule of decision in this court, except in case of a failure to perform a statutory duty, negligence is very rarely a question of law. It is most usually a question of fact, the determination of which depends upon the circumstances of each particular case. (Railway Company v. Murphy, 46 Texas, 356.) In the case cited, it was held that an instruction to the jury which told them that certain acts on the part of the servants of the railroad company were negligence, was error, and is authority for holding that a more specific charge upon the alleged contributory negligence of plaintiffs was not required in this case.

The tenth assignment is that "the court erred in its last clause of its charge, which excluded from the minds of the jury the alternative of finding for defendant by emphasizing their finding for the plaintiffs." The answer to this is, that the court did not, in the paragraph complained of, instruct the jury to find for plaintiff. The instruction merely gives the rule of damages "if, under the instructions given and the evidence," the jury "shall find for the plaintiffs."

The twelfth assignment of error does not specify the particular special charges, the refusal of which is complained of, and is too general to be considered.

An exception was taken to the language of one of the counsel for plaintiffs, used in the closing argument to the jury. The language was not objected to when uttered, and the judge states, in the bill of exceptions, that his attention was engrossed at the time in the preparation of his charge, and that he only heard one of the remarks of which complaint is made, and that this he promptly checked. Without passing upon the question whether the language is of such a character as would require a reversal under any circumstances, we will say that the remarks were not so plainly prejudicial to defendant as to demand that the verdict be set aside, in the absence of an objection by its counsel at the time the words were spoken.

In reference to the assignments which in effect submit that the verdict of the jury is contrary to the law and the evidence, it is sufficient to say that the testimony was conflicting, and

that therefore the verdict should not be disturbed.  If the jury believed the testimony of the plaintiffs, they could not have come to any other proper conclusion.

The last assignment that the "court erred in overruling defendant's motion for a new trial and in refusing a new trial," is insufficient because too general.  It is presumed that it was merely intended to show that the questions raised by the prior assignments were presented to the court below on the motion for a new trial.

There is no error in the proceedings of the court below, and the judgment is affirmed.

*Affirmed.*