**BAERMANN et al. v. BRADIX.  (No. 7214.)**

Court of Civil Appeals of Texas.  Austin.
April 11, 1928.

1. **Landlord and tenant ⬳169(10)—Jury's findings that tenant knew of dangerous condition of board, but was not negligent in stepping on it, held conflicting, so as to require reversal of judgment against lessors.**

Jury's findings, in tenant's action against lessors for injuries from fall caused by breaking of rotten board in floor of porch, that plaintiff knew of dangerous condition of such board before accident, but was not guilty of contributory negligence in stepping on it, *held* conflicting, so as to require reversal of judgment for plaintiff.

2. **Landlord and tenant ⬳168(1)—Tenant knowing of rotten board for about two months before injury held contributorily negligent.**

Tenant knowing of rotten condition of board in floor of porch for about two months before injury caused thereby, but remaining as tenant and using premises without making repairs when landlord failed to do so as promised, *held* guilty of contributory negligence precluding recovery as matter of law.

Appeal from Bexar County Court at Law No. 1; McCollum Burnett, Judge.

Action by Laura Bradix against Lizzie Baermann and husband. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Clifford M. Forster and Heilbron, Kilday & Howard, all of San Antonio, for appellants.

Barrett, Barrett & Taylor, of San Antonio, for appellee.

McCLENDON, C. J.  Appellee sued appellant Lizzie Baermann (joining her husband pro forma) for damages for personal injuries sustained by appellee resulting from a fall caused by breaking of a rotten board in the floor of the front porch of a residence which appellee occupied as tenant of appellant. Trial to jury, and judgment for appellee upon special issue verdict.

[1] The jury found that appellee knew "of the dangerous condition of said board prior to the time of said accident," but that she was not guilty of contributory negligence "in stepping upon said board," or "upon the occasion in question."

Under the circumstances in evidence these findings we think are conflicting and would require a reversal of the judgment and remand of the case for a new trial were the evidence conflicting upon the question of appellee's contributory negligence. Brewster v. Forney (Tex. Com. App.) 223 S. W. 175.

[2] We have reached the conclusion, however, that under the holding in Pollack v. Perry (Tex. Com. App.) 235 S. W. 541, appellee was guilty of contributory negligence as an issue of law precluding recovery.

The evidence shows that appellee had occupied the residence as tenant of Mrs. Baermann for about 13 years, paying a weekly rental of $2. We quote the following from appellee's testimony:

"Just before I got hurt, the condition of that front porch was bad; it was in bad condition. It looked to me like it was just rotten; that the plank was rotten. I spoke to Mr. Baermann about the condition of that porch, and he always told me he was going to fix it, but he never did fix it. As to how long before this accident it was that I spoke to him about it, well, let me see; I spoke to him—well, I have forgotten the month. I think approximately it was about two months or more, because it rained up until after January. I asked Mr. Baermann if he would fix that porch. I said, 'This porch is going to cause somebody to get hurt;' and he told me yes, he would fix it. Well, it just kept going and going and going, and he never did come back and fix it, so I asked him again, and he said he would fix it, but he did not, so I asked him again, and he said, 'Well, when I get time I will fix it;' and that is all he told me, but he never did fix it. As to whether it was just one place on the floor, or several places on the porch that needed fixing, it was three of those planks, but the big plank was the one I stepped on, and when I stepped on it, the other two, they were rotten, and they just flew up. I could not hardly tell you how far from my front door that was. I don't know exactly how far it was from the front door. I guess it was about two steps. It could not have been three feet, because it was so close."

There is nothing in the record to modify the effect of this testimony upon the issue of contributory negligence.

The facts in the Pollack Case are in all essentials analogous to those in this case, and the holding there controls here. Substantially, it was there held that where a tenant has knowledge for a sufficient period (20 days there; "about 2 months or more" here) of a defective or dangerous condition of a floor in the rented premises and continues to remain as tenant and use the premises without making the repairs, he is guilty of contributory negligence, although the landlord had previously promised to make the repair and failed to do so.

This holding makes it unnecessary for us to consider the other questions which appellants raise.

The trial court's judgment is reversed, and judgment is here rendered in favor of appellants.

Reversed and rendered.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes