## BISHOP v. SCHARBAUER.

### No. 13835.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 2, 1938.

Graves & Collins and Virgil Parker, all of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellee.

SPEER, Justice.

E. L. Bishop sued John Scharbauer in the 96th District Court of Tarrant County, for damages alleged to have been sustained from a fall, as he descended a flight of steps in defendant's building.

Appellant based his suit upon the fact that he was a tenant in the office building of appellee, and that the latter had negligently failed to maintain proper lighting in the halls and stairways of said building on the occasion of the accident and as a proximate result of that negligence appellant fell and sustained serious injuries.

At the conclusion of appellant's testimony, at the request of appellee the court summarily instructed the jury to return a verdict for defendant. The verdict being thus returned, judgment was entered in favor of the appellee. This appeal is from the judgment entered.

From appellant's second amended petition, upon which he went to trial, it appears that he alleged appellee was the owner of the Worth Office Building in the City of Fort Worth, Texas, and that appellant was a tenant, occupying a suite of rooms on the third floor under a contract to pay $30 per month. That appellee had provided and was maintaining an elevator and stairway service for the use of his tenants, including appellant. That because of the relation existing between the parties, such as landlord and tenant, the appellee owed appellant the duty of keeping the halls and stairways of said building lighted and in a safe condition for egress and ingress to his offices; that the building was equipped with electric lights in said halls and stairways, sufficient, when lighted, to enable appellant to so use the halls and stairways; that said elevator was not habitually operated at a later hour than nine or ten o'clock P. M., except on special occasions, when arrangements therefor had been made by tenants for later hours. That appellant often used his offices after those hours in the evening, with the knowledge of appellee and his agents, servants and employees. That on October 11th, 1935, the date on which appellant was injured, he was in his office until about 12 o'clock midnight, and that with the knowledge of that fact by appellee and his agents, the lights were negligently turned off from the halls and stairways, and when he attempted to leave said building, by way of said darkened stairway, he fell and sustained the injuries complained of.

The appellee answered with a general denial and special plea of contributory negligence by appellant, claimed to be the proximate cause of such injuries he sustained.

The appellant offered his testimony from several witnesses, and the appellee did not cross examine any of them, nor did he offer any other witnesses, relying upon the appellant's failure to make a case.

It was stipulated that appellee owned the building. Appellant testified to having rented the offices from a lady attendant in charge, and to having paid the rentals to her. He further testified that negroes ran the elevator and did other janitor work about the building; that on the occasion when he received the injuries, he had remained in his office until about midnight, and with two other gentlemen, started to leave the building; that as he left his office he turned out the lights in the hallway on the third floor and went to the stairway, the other two men preceding him part way down the stairs from third to second floor. One of the other men made a noise as if stumbling, and appellant asked if he was hurt, receiving a negative answer. Ap-

pellant asked him to remain where he was until he could go on down to the bottom of the flight of steps and pull a cord to turn on a light. A match was struck, which partially lighted the stairs, but it went out and they had no other matches. Appellant continued down the stairway to a small landing, where the stairs turned at right angles, with three treads or steps between there and the second floor. He testified: "I went down the stairway here, and as I stepped down one step, and the difference between the two lands, I was thinking the next step was the floor, and, well, I overstepped those three steps and fell on this tile floor." His further testimony discloses that the fall resulted in the breaking of his hip. He said there was no light burning on the second floor of the building, nor in the stairway or in the elevator shaft adjacent to the stairway.

We find no testimony in the record that any arrangements had been made by appellant with appellee or with anyone acting for him, for elevator or light service at that hour of the night, on the occasion of the accident. Nor is there anything to indicate appellee or any employee knew appellant was in the building after the time shown by the petition to be the usual and customary time for discontinuing the elevator service and closing the building.

■ Appellant assigns as error the act of the trial court in giving the requested peremptory instruction for a verdict in favor of appellee. Under this assignment he makes a proposition to the effect that if a landlord maintains the halls and stairways for the use of his tenant, then it is his duty to keep them lighted at all reasonable times for use by them, and if the landlord turns out the lights at a time when he knows the tenant is lawfully in the building, and the tenant is required to leave the building through such darkened halls and stairways, and receives an injury thereby, the act of the tenant in leaving the building under such conditions is not contributory negligence, as a matter of law, but presents a question of fact for determination by the jury, and therefore the court should not have given the summary instruction.

In his brief, appellant says in this connection that: "This appeal is based upon the proposition that the court was in error in finding and holding that the plaintiff (appellant) was, as a matter of law, guilty of contributory negligence."

There are no findings of fact, as such, contained in the record, nor are there any recitations of fact findings in the judgment rendered, to indicate the judgment was based or rendered upon a finding that appellant was guilty of contributory negligence as a matter of law. But if appellant failed to prove negligence on the part of appellee proximately resulting in his damages, the court could and should have instructed a verdict for the appellee.

As above stated, appellant alleged that appellee did not habitually have the elevator operated after nine or ten o'clock in the evening, except when arrangements for that service had been previously agreed upon, and by his proposition, upon which the appeal is based, he says appellee owed him the duty to keep the halls and stairways lighted for use at all reasonable times. No effort was made to prove that midnight was such a reasonable time as would require that service, especially in view of his allegations that to procure such services after nine or ten o'clock P. M., an arrangement to that effect would have to be made. It was shown that the lights in the elevator shaft would light the stairways, since the latter were so constructed as to be adjacent to the shaft. The testimony on this point is not very clear, but the appellant often referred to the fact that there were no lights either on the stairway or in the elevator shaft adjacent to the stairs. We think a fair deduction from all of appellant's pleading and testimony on the point is that the building was to be closed at nine or ten o'clock in the evening, in the absence of a special arrangement by which it should be kept open and the services expressly and impliedly promised, rendered thereafter. A further point in support of this conclusion is shown by the testimony to the effect that the only entrance to the building was equipped with a lock which would permit the opening of the door from the inside but could not be opened, without a key, from the outside. This, in itself, would indicate that if a tenant should desire to remain in his office after closing time, and without having previously arranged with the owner to do so, he could leave the building at any time he chose. The evidence does not disclose that any lights were ever installed or should have been installed in the elevator shaft to afford light on the adjacent stairways, and in the absence of this, the complaint that none were there may be assumed to refer to the fact that the

elevator, while running, would produce a light from the cage to illumine the stairs; but it necessarily follows that if the light was to be thus afforded, there would be no need of lights on the stairways, since the elevator service would be available; but it is not contended that appellant had made any arrangements with the management for elevator service on that occasion.

Again, adverting to the contention of appellant that the court found he was guilty of contributory negligence as a matter of law, and assuming that the court so found, which we think is not supported by the record, we are not willing to say such a finding would have been unwarranted. Appellant testified that lights were burning in the hall on the third floor when he was ready to leave his office on that floor, and he turned them out. There are large photographs in the record which show the location of the halls and stairways. The stairway leading from third to second floor shows to be in the main a straight flight of steps leading down to a rather low landing near the second floor. There was an electric light in the ceiling of the third floor, shown in the picture, which, if lighted, would undoubtedly have given some light upon the stairway, but, as shown, appellant turned those lights out before attempting to go down at the time of his injuries. True, the stairway turned near the bottom and contained three short steps from there to the floor, and at this turn is where appellant fell. He testified that when he went one step down he thought that was all and overstepped the remaining treads and fell on the tile floor. Clearly, the turning out of the lights by appellant produced the darkness of which he complains, causing him to make the second mistake in overstepping the two or three bottom steps of the stairway.

We are not unmindful of the rule of law laid down by our courts in regard to negligence as a matter of law. We are cited by appellant to the case of Gulf, C. & S. F. Ry. Co. v. Greenlee, 70 Tex. 553, 8 S.W. 129, where it is said [page 131]: "Except in case of a failure to perform a statutory duty, negligence is very rarely a question of law. It is most usually a question of fact, the determination of which depends upon circumstances of each particular case." That opinion does not announce an ironclad rule, nor does it indicate that one may not be deemed guilty of contributory negligence as a matter of law. The same court, in adopting the opinion of the Com-

mission of Appeals, in Pollack v. Perry, 235 S.W. 541, held that a complaining litigant under the facts there detailed, was, as a matter of law, guilty of contributory negligence, which would preclude a recovery. In that connection, the court, in commenting upon the injured party's right to rely upon the negligence of her landlord, though guilty of contributory negligence herself, said [page 543]: "To so hold would be to require plaintiff in error [the landlord] to take better care of defendant in error [the tenant] than she would take of herself." Pollack v. Perry, supra, has since been followed in Baermann v. Bradix, Tex.Civ. App., 5 S.W.2d 869, and Johnson v. Murray Co., Tex.Civ.App., 90 S.W.2d 920, writ dismissed.

Although, as stated above, appellant says in his brief the appeal is based upon the erroneous conclusion reached by the trial court that appellant was guilty of contributory negligence as a matter of law, we think this is a false premise. There is a total lack of evidence in the record raising an issue of fact as to negligence by appellee. No facts were testified to by any witness which tended to show appellee contracted expressly or impliedly to furnish lighted halls and stairways for appellant after ten o'clock P. M., in the absence of a special agreement on such occasions to do so. No effort was made to show special agreements or arrangements were made with appellee, nor was it made to appear that appellee, or any other person authorized to make such arrangements with appellant, knew he was in the building at midnight of October 11th, 1935, when he received his injuries. Under appellant's pleadings, it was necessary for him to introduce some evidence of substantial force to raise such a fact issue to entitle him to have his case submitted to the jury. None was offered and the court properly gave the peremptory instruction.

■ Appellant further assigned error to the acts of the trial court in sustaining appellee's objections to the admission of certain testimony, which evidence, if admitted, would have shown that appellee knew, through his agents, that appellant was in the building late of the night on which he received his injury. Logically this assignment should have been presented and considered by us before the assignment challenging the giving of a peremptory instruction, but the effect had on the appeal before us would be the same, even in the manner so presented.

The bill of exception reserved by appellant to the exclusion of the evidence is disclosed by the Q. and A. statement of facts, and, as usual, is comprised of a lengthy colloquy between counsel for both parties when the testimony was offered. Appellant testified that the hallway had been lighted on other occasions, and he stated that on two or three other occasions he had remonstrated with the negro elevator man for cutting off the lights; upon objection, the court denied him the privilege of showing what he had said to the negro. No exception was reserved to the ruling of the court. Counsel then asked appellant if those lights were habitually left on or off, to which question objection was made that it was leading and suggestive, and the objection was sustained, and exception taken, but nothing was disclosed by appellant's counsel to the court as to what he expected to prove by the answer, hence no error is shown. Then followed these questions and answers:

"Q. Well, with reference to being lighted, Mr. Bishop, were they left on or off? A. Well, most of the time they were left on, but on two or three occasions they were left off.

"Q. That's what I want you to tell about. How late did you usually stay at your office? A. Well, sometimes it was early, six o'clock, and sometimes eight o'clock and sometimes later. Most of the time it was early.

"Q. Were the other tenants in the building that stayed there late too? A. Yes, sir."

Objection was made by counsel for appellee in these words: "We object to that, there is no pleading to support that. It is irrelevant and immaterial whether the other tenants in the building stayed there late."

The objection was sustained by the court. Exception was taken by appellant, stating he would show the condition there, and that the lights were left on frequently; he desired to show whether they were habitually light or dark, that he had alleged the lights were negligently turned off on the night of the accident.

Then upon motion the answer of appellant was stricken from consideration by the jury. Exception was taken, and counsel stated to the court that he would prove by the witness that the lights had been habitually left on, but on two or three occasions they were left off and that appellant had remonstrated with the elevator boys in charge, and they had promised not to turn the lights off anymore. That it was the custom to leave them on, but on this occasion they had turned them off, and that he would show by the witness the elevator boys were the agents of appellee and in charge of the building that night. The further objection was urged by appellee to the proposed testimony of agency and as to who was in charge of the building, that it would only be a conclusion of the witness, and embraced a question of law,

Appellee in his brief attacks the sufficiency of the bill of exception upon the ground that the evidence of the witness as to what he would testify was not offered, but that counsel contented himself to state to the court what he expected to prove. We cannot agree with the contention of appellee. We think the bill is sufficient as such. See Guilmartin v. Padgett, Tex.Civ. App., 138 S.W. 1143.

We do not think, however, that the assignment based on the bill of exception presents error. By appellant's pleadings he shows that he was entitled to elevator and other special services at the hands of appellee after nine or ten o'clock at night, only upon special arrangements. This would imply that the arrangements should be made with appellee or some one authorized to act in that matter for him. No such agreement was shown to have been made with him nor with the lady with whom appellant had dealt in renting the offices and to whom he had paid the rentals. The fact that other tenants had been in the building late at night and had been furnished with the services claimed on this occasion by appellant, would not tend to show appellant was entitled to it, for the reason, the presumption arises from the pleadings that such tenants had made arrangements for that service. Nor would testimony that the negro elevator boy had previously permitted the lights to burn on other occasions tend to show he was authorized to make the necessary agreements and arrangements with appellant, in lieu of appellee, for that service. The most that could be said of the previous acts of the negro was that he was carrying out an arrangement made between appellee and such tenants. The assignment is overruled.

Finding no error in this record for which the case should be reversed, the judgment of the trial court should be affirmed, and it is accordingly so ordered.