Rosemarie Tyrell WELBOURN, Appellant,

v.

Maxine Beulah NEGLEY, Appellee.

No. 16018.

Court of Civil Appeals of Texas.
Dallas.

June 8, 1962.

Hermes Nye, Dallas, for appellant.

V. Robert Curtis and A. L. Breeland, Dallas, for appellee.

WILLIAMS, Justice.

■ This appeal presents the sole question of the propriety of the action of the trial court in granting a summary judgment against the plaintiff in a "slip and fall" case. Mrs. Welbourn was a tenant in an apartment house owned by Mrs. Negley. The apartment house was located on a sloping terrain and there was a brick walkway which was used by the owner and tenants to go from the house to the garden and to the garages. Mrs. Welbourn, while watering flowers which she kept in the garden, slipped on a loose brick in the steps of the walkway and fell, sustaining personal injuries for which she brought suit to recover damages against Mrs. Negley. Mrs. Welbourn alleged that the bricks in the steps and walkway had been loose for a long period of time; that she had warned Mrs. Negley to repair the steps in question; and both plaintiff and defendant had previously fallen on the steps at the same place and under approximately the same circumstances. Mrs. Negley answered, alleging as principal defense that the condition of the walkway was open and obvious and therefore plaintiff could not recover. Mrs. Negley then filed a motion for summary judgment based upon the proposition that both plaintiff's pleadings and her deposition revealed that Mrs. Welbourn knew of the condition complained of; that the same was open and obvious to the plaintiff, and that no issue of fact remained since plaintiff could not recover, as a matter of law. Plaintiff filed no response to the motion for summary judgment nor offered any extraneous evidence in opposition thereto. The trial court, considering the pleadings and plaintiff's deposition, sustained the motion and this appeal follows.

The facts are undisputed. In her deposition, appellant testified that the steps in question had been in bad repair every since she moved in the apartment; that she had used the steps regularly to water her pot plants in the garden and that on one occasion she had fallen in the same place and hurt her finger. She said that appellee had fallen on the steps in question and had sustained injuries as a result thereof. She and appellee had discussed the dan-

gerous condition of the steps and she had requested appellee to have them repaired but no action had been taken to remedy the dangerous condition. On the day in question the weather was dry and there was plenty of light.

 In determining the question of the propriety of the action of the trial court in sustaining the motion for summary judgment we follow the well-established rule that we must review the record in the light most favorable to appellant and indulge every reasonable intendment in favor of appellant. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Little v. Employees Security Life Ins. Co., Tex.Civ.App., 343 S. W.2d 517. Applying this rule to the uncontroverted facts in this case we are of the opinion that appellant's pleadings and her testimony demonstrate that she is barred from recovery as a matter of law and therefore the trial court's action in granting a summary judgment was correct.

The basic rule is stated in 27 Tex.Jur. § 207, p. 350, as follows:

"Proof being made that the tenant had actual knowledge of the dangerous condition of the premises, it is to be concluded primarily that he is not entitled to recovery, for very evidently he was in a better position than was the landlord to avert the injury. To hold in this situation that the landlord is liable would be, as the Commission of Appeals said in reversing a judgment in favor of the tenant, 'to require plaintiff in error to take better care of defendant in error than she would take care of herself'".

Baermann v. Bradix, Tex.Civ.App., 5 S. W.2d 869; Pollack v. Perry, Tex.Comm. App., 235 S.W. 541; Fergeson v. National Bank of Commerce, Tex.Civ.App., 174 S. W.2d 1015.

This case is governed by the principles announced in the decision of the Supreme Court in Robert E. McKee, Gen. Cont. v. Patterson, 153 Tex. 517, 271 S.W.2d 391.

In that case Justice Calvert, after an exhaustive review of the law relating to the owner of premises and the duty and obligations of the person injured on such premises, stated that where the invitee (1) was confronted with the existence of a condition of which he knows, (2) containing dangers which he appreciates, (3) voluntarily encounters them, (4) of his own free will and as a result of an intelligent choice, he cannot recover against the owner, as a matter of law. Applying these principles to the instant appeal the record demonstrates conclusively that Mrs. Welbourn was confronted with a condition in the walkway of which she admittedly was familiar; that the condition contained dangers which she not only appreciated but discussed with appellee, and, with such knowledge she voluntarily and of her own free will and as a result of an intelligent choice proceeded to encounter, resulting in her own injuries.

The judgment of the trial court is affirmed.