John William TANNER, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 7039.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 20, 1969.

Rehearing Denied March 13, 1969.

Monte Lawlis, Jasper, for appellant.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellee.

KEITH, Justice.

Tanner, plaintiff below, appeals from a judgment awarding him only $218.40, with interest and costs, in his claim against Texas Employers' Insurance Association for total and permanent disability under the Workmen's Compensation Act. The parties will be designated as they appeared in the trial court.

The award of the Industrial Accident Board was for $35.00 per week, as and for temporary total disability for 29 weeks, based upon a wage rate "in excess of $58.-33." The jury found that there was temporary total disability for 29 weeks, with a wage rate of $168.00. The court's judgment awarded plaintiff $35.00 per week for 29 weeks and gave the defendant credit for 23 weeks compensation previously paid. The award and the verdict both denied the existence of any partial disability.

Although plaintiff brings forward twenty points of error, only the series complain-

ing of the admission into evidence of the award of the Industrial Accident Board, and the argument made by defendant's counsel to the jury based thereon, requires extended discussion.

We first consider the series of points complaining of the action of defendant's counsel in revealing to the jury the contents of the award of the Industrial Accident Board, and the claimed error of the trial court in admitting such award in evidence.

At the outset, we condemn the tactics of defendant's counsel in introducing the award into evidence. While engaged in cross-examination of the plaintiff about the effects of his injury upon body movements, his prior compensable injuries, his change in marital status, etc., without any advance warning or hint of his intention to inquire about the award of the Industrial Accident Board in the case on trial, defendant's counsel then proceeded in this fashion:

"Q. Now, in addition to that [prior claims], of course, Mr. Tanner, you filed this claim you have here before the Industrial Accident Board *and they awarded you a $1000 or $1050, isn't that correct?*

"A. Yes, sir, that's correct.

"Q. If I were to show you a copy of that Industrial Accident Board award here where it says they award you 29 weeks at $35 a week, that would be a copy of the award on the hearing by the Board?

"A. I can't read them figures.

"Q. Cannot, sir?

"A. I can't read them figures.

"Q. Do you have any glasses with you, sir?

"A. Yes, sir.

"Q. Would you be kind enough to use your glasses and look at those fig-

ures and see if I'm quoting them correctly?

"A. That's correct what's on there. I got one just like it.

"Q. You got one just like it. It's over the signature of Mr. J. Overby Smith, who is Chairman of the INdustrial [sic] Accident Board of Texas:

"A. Yes, sir.

"MR. BERRY: All right, sir, fine. We at this time would ask that this be marked please.

"(Reporter marks instrument D–1)

"MR. BERRY: We offer it at this time, Your Honor.

"THE COURT: No objection, the same is admitted.

"Q. Now, as you told us originally awhile ago—may I wait just a moment for the jury, Your Honor, to have a chance to examine the instrument?

"THE COURT: I think they can read it as you go along." (Emphasis supplied)

It will be seen that the careful trial judge pointedly noted in the record that there was "no objection" to the admission of the award. Defendant made no further reference to the award in questioning plaintiff, but plaintiff's counsel, on re-direct examination, proceeded as follows:

"Q. The defense counsel introduced as Defendant's Exhibit 1 an award of the Industrial Accident Board. Did you appeal from this award?

"A. Yes, sir.

"Q. Were you dissatisfied with the award of the Board?

"A. Yes, sir.

"Q. In view of the conditions which you've described to us today, do you

feel that you could go back and perform the type of work that you had been performing prior to the injury of November 16?

> "MR. BERRY: We object, Your Honor, to this. This calls for an expression of a medical opinion as to future incapacity.
>
> "THE COURT: Sustained."

We need not discuss the testimony concerning nature, extent, or probable duration of plaintiff's injuries and incapacity, it being sufficient to say that a finding of total disability for a much longer period would have found support in the evidence. Or, conversely, would have warranted a finding of no disability for any period beyond the 23 weeks paid by defendant.

■ The appeal which plaintiff perfected from the award of the Industrial Accident Board to the District Court entitled him to a trial de novo. Article 8307, Section 5, Vernon's Ann.Civ.St. It has long been the settled rule in Texas that the admission of the award of the Industrial Accident Board into the record is error. Federal Underwriters Exchange v. Bickham, 138 Tex. 128, 157 S.W.2d 356 (1941); Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811 (1945); Sisk v. Glens Falls Indemnity Co., 310 S.W.2d 118, 121 (Tex.Civ.App., 1958, error ref. n. r. e.).

But, the defendant contends, plaintiff opened up the subject when he read to the jury his pleadings that the Board had made an award with which he was dissatisfied and from which he had taken an appeal to the District Court. The fact that such pleadings were read to the jury, before the incidents made the basis of the present complaints occurred, is established by stipulation of counsel found in the record.

In a case bearing remarkable similarity to the one at the bar, Texas Employers Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645, 646 (1952), the court said: "It is the better practice not to read to the jury those portions of the pleadings with which the jury is not concerned * * *." In *Poe,* the objection to the injection of the Board's adverse award made by defendant's counsel was sustained, the jury instructed not to consider the remark, and a motion for mistrial urged by the plaintiff was overruled. Holding that the remark was cured by the court's prompt instruction, the Supreme Court found that the error did not require a reversal. There was no objection made in this instance and the motion for mistrial came only after the verdict. The trial court was not given an opportunity to instruct the jury as was done in *Poe.*

The questions propounded by defendant's counsel to the plaintiff, as to the amount of the award and its introduction in evidence, was in violation of the rules governing such trials. This does not, however, dispose of the matter before us, for, if there could be a waiver of the error, plaintiff's counsel has done just about everything possible to bring it about. We recount only the more prominent examples thereof: (1) he read his pleadings concerning the award to the jury; (2) he made no objection to the admission of the testimony or the exhibit; (3) he pursued the matter further when he took the plaintiff over on re-direct examination; (4) every objection he made to the argument was sustained; (5) he sought no instruction from the court at *any* time; (6) he took his chances upon a favorable verdict from the jury; and (7) he raised the point first after the receipt of the verdict, *nearly a month after* the objectionable question had been asked.

We recognize that in the past two decades the philosophy of the law has moved away from the "sporting theory" of trials into a more sophisticated and informative search for abstract justice. We are, however, unwilling to deny an advocate the right to try his lawsuit under his own theory, whether it results in abstract justice or otherwise. It is not too far-fetched to view this record as one presenting a case wherein the plaintiff, with the objectionable evidence already in the record,

chose to waive his objection and attempt to capitalize upon the inadmissible testimony.

The question propounded by defendant's counsel contained the real poison in the evidentiary tender, the award itself simply being tangible evidence of that which was already indelibly impressed in the minds of the jury. Had an objection been made and sustained, the harmful evidence would still have been heard by the jurors—and only possibly its effect diluted. And, we must assume, the inadmissible evidence would not have been considered by the jury during its deliberations—but remain in their minds, it must.

Faced with this practicality, plaintiff's counsel may very well have adopted the alternative strategy of attempting to use the harmful evidence as a sword. This he did, in a skillful manner, by showing that his poor client, mistreated by this governmental agency with its paltry award, could only be compensated adequately by this good jury composed of Jasper County citizens. The fact that the strategy did not succeed does not detract from the fact that it was a possibility *at the time*. Certainly, if the matter had stopped there, plaintiff had done about as well as he would have done with an instruction, except for one thing: the award being in evidence, it could be taken to the jury room during the deliberations. Rules of Civil Procedure, Rule 281. Perhaps, and looking back, plaintiff now recognizes his mistake, for he spends pages in the brief asking this court to do for him what he did not do himself, find error now when he saw none then. This we decline to do.

■■■ We are of the opinion that the error in the admission of the award into evidence, under the facts of this case, was waived by the plaintiff's failure to object *and* his reference thereto in his re-direct examination of the plaintiff. So holding, plaintiff's points Nos. 2, 3, 4, and 5 are overruled. In points 6 and 7, the complaint is that the court erred in permitting the award to be considered by the jury and taken into the jury room during their deliberations. The award being in evidence, these points do not reflect error and are overruled. Rule 281.

We next consider the series of points of error complaining of the argument to the jury relating to the award of the Board.

In the argument, one of defendant's counsel made three references to the award of the Board, as shown by proper bills of exception found in the record, from which we quote:

### [ITEM ONE]

" 'You heard from this witness stand the defendant paid this man workmen's compensation under the rates set by the law of $35 a week for 23 weeks. The Industrial Accident Board, which is a board consisting of responsible, learned men, appointed by the Governor of this State to hear this matter,—'

"and at such time attorney for plaintiff made the following objection:

" 'Your Honor, we would object to that. There has been no evidence as to any of these men.'

" 'The Court: Sustained.'

### [ITEM TWO]

"and after such action of the Court, the attorney for defendant continued his argument, as follows:

" 'The Industrial Accident Board of Texas, gentlemen of the jury, heard this case. They heard the evidence that you have here from the standpoint of these doctors—'

"and at such time attorney for plaintiff made the following objection:

" 'We would object to that. There's no testimony they have heard such evidence.'

" 'The Court: Sustained.'

## [ITEM THREE]

"and after such action of the Court, the attorney for defendant continued his argument, as follows:

" 'Gentlemen of the jury, on this exhibit No. 1 that was introduced, which is the results of the hearing before the Industrial Accident Board, they found that this man received 29 weeks of total incapacity. This defendant paid this man 23 weeks of total incapacity.' "

## [ITEM FOUR]

Another of defendant's counsel mentioned the award of the Board in his argument, these being the words he chose:

" 'This man put his claim before the Industrial Accident Board of the State of Texas filed up there in August and after consideration of his claim and, as he told you he got a copy of this very same Board award dated August 29, 1967, over the signature of Mr. J. Overby Smith, it says that they find he's entitled to $35 per week for 29 consecutive weeks for total disability. Then there's a further line under 5 where it says the Board if they think there's some partial disability they ought to find it. In other words, how much additional disability does he have after this such as partial disability. They leave it blank and they simply say that payments of the compensation had matured in the sum of $1015 down at the bottom of the award. It's addressed to Mr. Tanner, to this defendant and others, to the employer, and so on. This is an award of a State agency. You may take it with you to the jury room.' "

There was no objection made to the argument in Items Three and Four. Plaintiff made a motion for mistrial, but it came after the return of the jury verdict. He asked for no special instructions and the court sustained each objection which he made.

The admission of the award into evidence was not a magic password or omen where-

by defendant's counsel were licensed to disregard the bounds or propriety in the argument of the cause. The arguments made were outside of the record, prejudicial, and in all reasonable probability, harmful. The statement by defendant's counsel (Item One, supra) containing this language, finds no support in any evidence, admissible or otherwise:

" * * * The Industrial Accident Board, which is a board consisting of responsible learned men, appointed by the Governor of this State to hear the matter * * *"

This obviously unsworn testimony, seeking to bolster otherwise damaging evidence, was an appeal to the jury to follow such "responsible [and] learned men" who, presumably, knew more about such matters than the jury chosen to hear the evidence in a trial de novo. There is no contention made that it was invited by plaintiff and, indeed, we find little apology in the defendant's brief therefor.

There can be little doubt but what the argument as to the Board's membership was harmful and prejudicial to the plaintiff. But, the objection thereto having been sustained, and plaintiff's counsel having sought no follow-up instruction from the court, defendant contends that the right to complain has been waived. After we consider the other points upon the argument, we will discuss whether or not this position is compatible with the prevailing law.

Persisting in his argument about the award (Item Two), counsel continued by saying:

"The Industrial Accident Board of Texas, gentlemen of the jury, heard this case. *They heard the evidence that you have here from the standpoint of these doctors* * * *" (Emphasis supplied)

We have studied the record, *including the award,* and do not find any record support for the statement of what evidence, if any, the Board considered, much less the medical testimony which takes up many pages in the statement of facts. Defendant's brief is not

helpful in pointing up record support therefor. This statement, as in the prior instance, amounted to unsworn testimony bolstering otherwise harmful evidence. Again, the court sustained an objection to the argument. This argument, in our opinion, presents error unless it can be said that it could have been cured by an instruction.

■ The third complaint of the argument (Item Three) by counsel was not objected to[1] and consisted of this statement:

> "Gentlemen of the jury, on this exhibit No. 1 that was introduced, which is the results of the hearing before the Industrial Accident Board, they found that this man received 29 weeks of total incapacity * * *"

This was a fair statement of what was actually in evidence, was fair comment, and, under the circumstances of this case, presents no error.

The complaint about the argument of defendant's counsel (Item Four) previously set out herein, wherein he argued at length *from the award,* was made without any objection whatsoever and does not, in our opinion, present the type of argument which could not have been cured with an instruction, assuming it was error.

We turn now to a discussion of the effect such argument may have had upon the verdict and to the question of whether or not, assuming it to have been improper, was of the type referred to as "curable" by instruction or of the "incurable" type. The question of whether argument is of the one type or of the other is, in the language of the Supreme Court "one of difficult application." Wade v. Texas Emp. Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200 (1951).

The comments made by counsel in Items One and Two of the argument were similar to the so-called "imaginary testimony" type described by Justice Garwood in *Wade,* supra. In the first, counsel was talking about the caliber of men who had judged the claim before the Industrial Accident Board, while the second was his own testimony that the same medical evidence had been considered by the Board. Neither factual statement had foundation in the record and could be considered, therefore, to be in the category of "imaginary testimony."

The reference to the record in the old case of Gulf, C. & S. F. Ry. Co. v. Greenlee, 70 Tex. 553, 8 S.W. 129, 131 (1888), made by Justice Garwood in *Wade,* shows clearly that in *Greenlee* the argument was in fact testimony[2] given in the guise of argument. Such was held to be "not so plainly prejudicial" as to "demand that the verdict be set aside, *in the absence of an objection by its counsel at the time the words were spoken." Greenlee,* supra (8 S.W. at p. 131, emphasis supplied).

In Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546 (1959), testimony was received by the jury that after an investigation by the Highway Patrol, the Sheriff's Department, and by the District Attorney's Office, no charges of traffic violations were filed against Younger's driver. There was no objection to the receipt of this evidence and later, Younger's counsel argued to the jury at length thereon. In so doing, the court said "This argument was objectionable primarily because of the unauthorized inferences stated therein." 324 S.W.2d at 549. Then, after considering several prior holdings, the court reached the conclusion that the improper

---

1. Perhaps, by this time, counsel was reminded of the old quotation from Berry v. State, 10 Ga. 511, 522 (1851) quoted in Robbins v. Wynne, 44 S.W.2d 946, 949 (Comm.App., holdings approved, 1932): "For what practitioner has not regretted his untoward interference, when the counsel thus interrupted, resumes, 'yes, gentlemen, I have touched a tender

spot, the galled jade will wince; you see where the shoe pinches.'"

2. Counsel stated that he, too, was a railroad attorney and knew that railroad engineers and surveyors always testified favorably to the railroad regardless of what they might know about the real facts.

argument "does not present a case of reversible error in the absence of an objection to the argument or a request that the jury be instructed to disregard the same." (Id. at p. 550).

The footnote reference in Myers to Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954), is particularly important when we consider whether the argument is merely inflammatory or placed new evidence before the jury, "was not *necessarily* controlling upon the question of reversible error." (Emphasis ours).

So, the problem here is to "judge by the degree of the vice, not merely the subject matter of the argument." *Wade,* supra, 244 S.W.2d at p. 201.

If plaintiff was dissatisfied with the court's action in sustaining his objections to the first two arguments complained of, he had but to ask that more explicit instructions be given to the jury. If he had any objection to the latter two segments of the argument set out previously, he owed the duty to the trial judge to make some complaint at a time when the trial court could have taken protective action. It was only after the verdict that counsel really sought relief from the verdict and judgment. This language from Baker Hotel of Dallas, Inc. v. Rogers, 157 S.W.2d 940, 944 (1941), error ref. want of merit, 138 Tex. 398, 160 S.W.2d 522 (1942), is apt:

"* * * We do not think a litigant should be permitted to lie in wait, take chances on a favorable verdict and, being disappointed, sally from ambush and, for the first time, complain of an improper argument in the motion for a new trial * * * " [3]

■ It follows from what has been said that we are of the opinion that the argument complained of here was of the type which could have been cured by an appropriate instruction to the jury by the trial court made at the time of the argument. Granted that it was of either the inflammatory or imaginary evidence type, based as it was upon testimony received without objection, it could have been cured. We do not permit plaintiff to gamble upon a favorable verdict without taking the concomitant risks arising out of such a course of inaction. He could either request the instruction or he could take his chances on the verdict; but, we hold that he must exercise his option at the time of the argument, not a month later. All of the points relating to the argument, including that raising the cumulative effect of the alleged errors, are, therefore, overruled.

■ By this ninth point of error, plaintiff contends that the trial court should have objected, *sua sponte,* when defendant's counsel referred to the award and offered it into evidence. We know of no rule of law which *requires* a trial court to act upon his own motion to exclude tendered evidence when the opposing party chooses to remain silent. Had plaintiff objected, doubtless, his objection would have been sustained. He cannot remain silent, shift the burden of objecting to the court, and then claim error because the court did not act. Not having objected, he waived his ground to complain. 1 McCormick & Ray, Texas Law of Evidence, § 22, p. 20, and cases therein cited. The ninth point is overruled.

■ Plaintiff contends that juror Martindale was disqualified and the court erred in overruling his challenge for cause thereto. We do not decide whether the challenge was tenable or otherwise. Plaintiff exercised a peremptory challenge upon the juror and has not shown that an objectionable juror was thrust upon him. Plaintiff's first point reveals no error.

---

3. As quoted in Texas Employers Ins. Ass'n v. Haywood, 266 S.W.2d 499, 503 (Tex.Civ.App., 1953), reversed, 152 Tex. 242, 266 S.W.2d 856. The Supreme Court in *Haywood* agreed, in substance, with the quoted material. 266 S.W.2d at 858.

Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764, 774 (Tex.Sup.1964).

Plaintiff complains of interrogation concerning his marital status, his support to his children, etc., and the argument thereon. We have carefully reviewed the record thereon; and, points Nos. 14 and 15, bringing such complaints forward not reflecting error, are overruled.

All of the other points brought forward by the plaintiff have been considered and are hereby overruled.

Having considered all of plaintiff's points, and finding no reversible error, the judgment of the trial court is in all things affirmed.